Clark, Respondent, *vs.* Barrett, Appellant.

1. The endorser of a negotiable note is not a security within the meaning of the act concerning " securities." R. C. 1845.

*Appeal from St. Louis Circuit Court.*

*A. Buckner*, for appellant.

*Knox & Kellogg*, for respondent. 1. The endorser of a negotiable note is not a security within the meaning of the act, and cannot discharge himself from liability by notice. 2. If it were otherwise, the notice in this case is not sufficient. 3. The court erred in refusing damages. *Clark* v. *Schneider*, 17 Mo. Rep.

Scott, Judge, delivered the opinion of the court.

This is an action against the endorsers of a negotiable promissory note, and the only question is, whether an endorser of such an instrument is a security within the meaning of the act concerning securities. The note was made by John Stickel to G. W. Rucker, and by him endorsed in blank, and afterwards by the defendant.

1. The note having been made payable to Rucker, and being by him endorsed, is a circumstance which places this case without the influence of the principle of the cases of *Powell* v. *Thomas*, 7 Mo. and *Perry* v. *Barrett*, 18 Mo. The defendant being an endorser of a negotiable promissory note, is not a security within the meaning of the "act concerning securities." That act only contemplates parties who are all originally liable to the payee or obligee of the bill, note or bond. The obligation of the endorser is only collateral. Nor is its character affected by the fact that he endorsed only for the accommodation of the maker. It would greatly impair the utility of negotiable paper as a medium of commerce, to subject it to the provisions of the act concerning securities. It is a well settled principle of the law of commercial paper, that after the liability of all the parties to a bill or note is once fixed, no indulgence or delay of suit will affect their responsibility. The statute concerning bonds and notes having made the assignor liable to the assignee, in the event of his using due diligence in the institution and prosecution of a suit at law against the obligor or maker, clearly shows that it was not designed to extend to the endorser of negotiable securities.

The plaintiff was entitled to his damages as in case of a protested bill of exchange. But no relief can be furnished him, as he has not brought the cause here. The judgment is affirmed, with the concurrence of the other judges.