## Solomon Mueller, Exr., etc.

*v.*

## Morris Dobschuetz *et al.*

1. Release of surety *by discharge of principal—condition not performed.* An agreement by a creditor to release a principal debtor if he will make an assignment for the benefit of his creditors generally, and to accept from the assignee his *pro rata* share in full payment, upon the express condition it shall not be binding unless assented to by all the creditors of the debtor, will not release the sureties of such debtor when not assented to by all the creditors, even though the creditors not assenting receive from the assignee their *pro rata* share of the proceeds of the assigned property.

2. Same—*rights reserved.* An agreement by the creditor for the release of a principal debtor which preserves the right of the creditor to proceed against the surety, or the right of the surety to proceed against the principal, will not discharge the surety.*

---

* Generally, where a release is given to one of several obligors, as to the effect to be given to a special proviso in the agreement that it shall not operate to discharge his co-obligors, it was held in *Benjamin* v. *McConnell et al.* 4 Gilm. 536, that such proviso was void, as being repugnant to the contract it-

3. Contract—*release—condition after signature.* Where an agreement, under seal, by a creditor, to release a debtor of all demands, etc., upon condition of his making a general assignment for all his creditors, had the following words after the party's signature: "expressly understood that the securities are not released," it was *held,* that such words were competent evidence of the condition upon which the party executed the same, and the instrument did not have the.effect to release the securities of the debtor on a note to such creditor.

Writ of Error to the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

This action was instituted by the plaintiff in error against defendants in error, to recover the amount claimed to be due on the following promissory note:

"$1500.00            *Belleville, Ill., February* 20, 1874.

Two months after date, we promise to pay to the order of George Mueller fifteen hundred dollars, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent per annum.

Henry Abend.

Dobschuetz & Abend.

Fred. E. Scheel."

Defendants in error relied upon the defense that they were released from liability upon the note by the execution, by the payee named in the note (the plaintiff's intestate) and others, of the following instrument:

---

self, and, notwithstanding the proviso, if the effect of the instrument was to release any of the obligors it would operate to discharge all. This ruling was followed in *Rice* v. *Webster et al.* 18 Ill. 331.

But in a later case—*Parmelee et al.* v. *Lawrence,* 44 Ill. 405—the court, giving to a similar proviso an interpretation in the light of the facts attending the transaction, held that it should operate according to its terms; and in reference to the cases above cited said: "The weight of the modern authorities is against these cases, and in favor of the more reasonable rule, that where the release of one of several obligors shows upon its face, and in connection with the surrounding circumstances, that it was the intention of the parties not to release the co-obligors, such intention, as in the case of other written contracts, shall be carried out, and to that end the instrument shall be construed as a covenant not to sue."

12—89 Ill.

"Know all men by these presents, that we, the undersigned, creditors of Henry Abend, in consideration of the execution and delivery of a certain deed of assignment, executed by said Henry Abend and Mary E., his wife, on the 7th day of August, A. D. 1874, to one Sebastian Fietsam, as trustee, said deed of assignment being made of the property of said Abend for the benefit of all his creditors, have, hereby, each of us, for ourselves, our heirs, executors, successors and administrators, remised, released and forever quitclaimed, and by these presents do remise, release and forever quitclaim, unto the said Henry Abend, his heirs, executors and administrators, all and all manner of action and actions, cause and causes of action, suits, bills, bonds, writings, obligations, debts, dues, duties, reckonings, accounts, sum and sums of money, judgments, executions, quarrels, controversies, trespasses, damages and demands whatever, both at law and in equity, or otherwise howsoever, which against him, we, or either of us, had or now have, or which we, or either of us, can, shall or may have claim, challenge or demand, for or by reason or means of any act, matter, cause or thing, from the beginning of the world to the day of the date of these presents.

"In witness whereof, we have hereunto set our hands and seals, this eighth day of August, A. D. 1874 .

|  |  |  |  |
|---|---|---|---|
|  |  | Dobschuetz & Abend. | [seal] |
| Wm. C. Buchanan. | [seal] | Dobschuetz & Abend. | [seal] |
| F. H. Pieper. | [seal] | Sebastian Fietsam. | [seal] |
| Edward Abend, secured claims are expressly excepted. | | | [seal] |
| Charles P. Knispel. | [seal] | George W. Sieber. | [seal] |
| Fred. Reiss. | [seal] | Oscar Heinrich. | [seal] |
| Adeline Chandler. | [seal] | Fred. E. Scheel. | [seal] |
| Ferdinand Braun. | [seal] | J. W. Hughes, (individ'l) | [seal] |
| Elizabeth Clark, | [seal] | | |

per S. M. Kase, her attorney.

George Mueller, expressly understood that the securities are not released,                                     [seal]

Peter J. Kærcher.     [seal]     Joseph Boismenue.     [seal]

| | | | |
|---|---|---|---|
| G. J. Pattin. | [seal] | James Studer. | [seal] |
| Haich Bros., Pierce & Co., | | | [seal] |
| by Sebastian Feitsam. | | | |
| John Winter. | [seal] | Charles Kohl. | [seal] |
| Charles Lind. | [seal] | George Kanzler. | [seal] |
| August Tiemann. | [seal] | Esler & Ropiequet. | [seal] |
| Harry Bair. | [seal] | Philip Neu. | [seal] |
| Wm. H. Hinderlite. | [seal] | W. M. Anderson. | [seal] |
| N. Schuessler. | [seal] | M. Romeis. | [seal] |
| Sam. C. Davis & Co. | [seal] | Gowen, Creery & Co. | [seal] |
| Morse, Shepherd & Co., | [seal] | Bemis Bros. & Co. | [seal] |
| by Underwood & Nœtling, directions of C. H. Bacon. | | | |
| Nicholas Meyer, Sen., Meyer, Jr., Meyer, | | | [seal] |
| Val. Weismantel. | [seal] | Hermann G. Weber. | [seal] |
| Karl Golcher. | [seal] | Louis Boismenue. | [seal] |

"We, the undersigned, creditors of Henry Abend, hereby agree that if the said Abend will make an assignment of all his real and personal estate of all kinds and characters whatsoever, to an assignee, for the benefit of all his creditors, we will accept from such assignee, each one a *pro rata* share of the proceeds arising from said real estate and personal estate when reduced to money, in full payment of our several claims against said Abend.

"It is hereby stipulated, that in case this is not agreed to by all the said creditors and the said Abend, it shall not be binding upon us who shall have signed the same; and that the above mentioned assignee shall be chosen by a majority of the creditors, taking into consideration the amount due to such creditors, as well as the numbers of the same.

August 5, 1874.

| | |
|---|---|
| Morse, Shepherd & Co., | M. Romeis. |
| by C. H. Bacon. | |
| William H. Hinderlite. | Edward Abend, secured claims |
| Harry Bair. | [excepted. |
| Fred. Reis. | John Winter. |

| | |
|---|---|
| C. W. Yutte, | Valentine Weismantel. |
|   by Carl F. Kuester. | |
| Sebastian Feitsam. | Philip Neu. |
| Esler & Ropiequet. | Dobschuetz & Abend. |
| F. H. Pieper. | Dobschuetz & Abend. |
| Nicholas Meyer, Sen., Meyer, Jr., Meyer. | |
| N. Schuessler. | W. C. Buchanan. |
| Elizabeth Clark, | Fred. E. Scheel. |
|   per S. M. Kase, her attorney. | |
| Samuel C. Davis & Co., | F. Braun. |
|   by Thomas A. Simpson, attorney. | |
| Charles P. Knispel. | August Tiemann. |
| Oscar Heinrich. | Louis Boismenue. |
| Adeline Chandler. | J. W. Hughes, (individual.) |
| Joseph Boismenue. | Charles Kohl. |
| Gowen, Creery & Co., | George Kanzler. |
|   by Thomas A. Simpson, attorney in fact. | |
| Willmann & Kærcher. | Charles Lind. |
| George Mueller. | J. J. Mueller." |

It was admitted by the parties to the suit, that Dobschuetz & Abend and F. E. Scheel are the securities of Henry Abend, and that they are the same persons that signed the two instruments read in evidence.

Plaintiff, in rebuttal, proved that one William Glass was a creditor of Henry Abend at and before these instruments were signed; and that Glass and a few other creditors of said Henry Abend never signed the instruments, but that creditors who did not sign got their *pro rata* share.

Evidence was also given tending to show that Dobschuetz was present when Mueller signed the instruments, and it was proved that Mueller's name was signed by another whom Mueller expressly instructed that his signature was to be affixed only upon condition that it did not release the sureties upon the note.

The court, at the request of defendants in error, instructed the jury as follows:

"The court instructs the jury that a written release which releases one security will release áll; and if the payee in the note in question signed a written release which does not in the body except the securities, and by that means released any of the securities, all will be released."

"The court instructs the jury that if they believe, from the evidence, that this cause of action is upon a promissory note, and that defendants were securities upon the note, and that the payee released the principal on the note by a written release, then the release operated to release the securities; and the fact that payee added to his name the words 'expressly understood that the securities are not released,' will not change the above rule."

To the giving of the above instructions the plaintiff objected; objection overruled by the court, and the decision then and there excepted to by the plaintiff, and thereupon said instructions were read to the jury.

The jury returned a verdict in favor of defendants in error. Plaintiff in error moved for a new trial, which the court overruled, and rendered judgment upon the verdict.

The errors assigned question these rulings of the court.

Mr. WILLIAM WINKELMAN, for the plaintiff in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

It is enough to say of the last agreement of release that it is upon the express condition that it shall not be binding unless assented to by all the creditors, and the evidence shows that it was not thus assented to. It is unimportant that some or all of the creditors not thus assenting have since received their *pro rata* part. It does not appear that they have ever assented to the terms of the release or that they accepted the amounts paid them in discharge of their claims against Abend, and, in the absence of such proof, we perceive nothing to prevent their

recovering judgment against him for the balances still due them respectively. What has been paid them was not paid pursuant to the terms of the release, but in disregard of its terms.

The signature of plaintiff in error to the first instrument is followed by these words: "Expressly understood that the securities are not released." We are of opinion that these words, though not appearing in the body of the instrument, are competent evidence of the condition upon which he was willing to become a party to it. Chitty on Bills (8 Am. ed.) 160; Story on Promissory Notes, § 23; 2 Parsons on Bills and Notes, p. 539.

Assuming the evidence to have been admissible, it is very clear that the sureties were not released, for an agreement which preserves the right of the creditor to proceed against the surety, or the right of the surety to proceed against the principal, will not discharge the surety. *Rucker* v. *Robinson*, 38 Mo. 154; *Morse* v. *Huntington*, 40 Vt. 488–496; *Price* v. *Barker*, 4 Ellis & Blackburn, 760, (82 Eng. Com. Law 760); *Kearsley* v. *Cole*, 16 Meeson & Welsby, 128; *Vieley* v. *Hoag*, 24 Vt. 46; *Hubbell* v. *Carpenter*, 1 Selden, 171.

It is impossible to point out how, by Mueller subscribing the release upon the condition expressed, the sureties have been prejudiced. They were left free to sue the principal, and there was nothing inhibiting him from doing so if it were material to preserve the liability of the sureties.

The court erred, therefore, in our opinion, in giving the instructions asked by defendants in error and in overruling the motion of plaintiff in error for a new trial.

The judgment is reversed and the cause remanded.

*Judgment reversed.*