FAULKNER *et al.*, *Executors*, v. FAULKNER *et al.*, *Appellants*.

1. .Promissory Note: VARIANCE. Plaintiffs declared upon a note as payable to B., one of the executors of F. At the trial they offered in evidence a note payable to B. and F., executors of F. *Held*, a fatal variance.

2. ———: ACTION AGAINST INDORSER: PLEADING. In an action against the indorser of a promissory note payable at a particular place, and not presented to the maker in person, the petition will be fatally defective if it fails to aver presentment at that place, demand of payment and notice to the indorser.

3. ———: ———: EVIDENCE. In support of a petition containing such averments it seems that evidence will be received, excusing such presentment or showing a waiver of demand and notice, as *ex gr.* a distinct promise to pay, made after maturity by the indorser, with full knowledge.

4. Notary's Certificate of Protest as Evidence. Section 20 of the chapter on Bills and Notes, (R. S. 1879, ₴ 552,) makes a notarial protest, without more, evidence of demand and refusal to pay; but to be evidence of notice of dishonor, section 50 of the chapter on Evidence, (R. S. 1879, ₴ 2320,) requires that it be verified by the notary's affidavit.

5. ———: NOTICE. To be evidence of notice, a notary's certificate should show how the notice was given.

6. Promissory Note: PRESENTMENT. If a note payable at a particular bank be presented at the place formerly occupied by that bank, to the officers of another bank then occupying the premises, it will be a good presentment.

7. ———: INDORSER'S LIABILITY. If the proper steps are not taken to fix the indorser and thus convert his conditional liability into an absolute engagement, he is discharged, unless, with a full knowledge of all the facts of his release, he promises to pay the debt, or does acts from which such promise can be clearly and unmistakably inferred.

8 ———: ACCOMMODATION INDORSEMENT: EXECUTORS. An executor permitted his co-executor to use money of the estate for his own

| | |
|---|---|
| 73 | 327 |
| 51a | 555 |
| 73 | 327 |
| 115 | 360 |
| 73 | 327 |
| 127 | 188 |
| 73 | 327 |
| 143 | 459 |
| 73 | 327 |
| 149 | 54 |
| 151 | 33 |
| 73 | 327 |
| 82a | 654 |

purposes, taking the note of the latter with an accommodation indorser payable to both of the executors. The court inclines to the opinion that the first executor was a holder for value, with the right to enforce the note against the indorser.

9. ———: PAROL EVIDENCE TO EXPLAIN A SIGNER'S RELATION TO THE NOTE. Although a person who, before delivery, indorses a note of which he is neither payee nor indorsee, is *prima facie* one of the makers, parol evidence is always admissible to show in what capacity his signature was given.

10. ——— : INDORSER'S RIGHTS. An indorser has no right to require the holder of a note to enforce it against the maker by suit, and is not discharged by the holder's failure to comply with such a requirement.

11. **Contract, with same Person both Obligor and Obligee.** A party bound in a contract with others, whereby he becomes both obligor and obligee, cannot maintain an action on the contract at law, if the contract be joint only; but he may if it be joint and several. Thus a note executed by one of two executors in favor of himself and his co-executor, may be enforced by the two by action against the indorsers.

12. **Promissory Note:** CONSIDERATION: EXECUTORS. A note given by an executor in favor of himself and his co-executor for money of the estate used by himself, is not void for want of consideration.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

REVERSED.

This was a suit on a note, brought by J. D. Faulkner and C. C. Bland, as executors of R. P. Faulkner, deceased, against the same J. D. Faulkner together with D. W. Faulkner, H. M. Noel, Alex. Demuth and D. W. Malcolm. Before trial the suit was dismissed as to the defendant J. D. Faulkner. There was a judgment for plaintiffs.

*Overall, Judson & Tutt* for appellant Demuth.

1. The petition failed to state a cause of action in favor of the plaintiffs suing. Plaintiffs Faulkner and Bland alleged a promise made by defendants to Bland only. This is a fatal defect. Bliss Code Plead., § 414. It is not a

mere misjoinder of parties. *Mann v. Marsh*, 21 How. Pr. 372. That plaintiffs sued "as executors," or that the note was alleged to be payable to Bland "as executor," is immaterial. The words are merely *descriptio personae*. *Rittenhouse v. Ammerman*, 64 Mo. 199. The fact that the note actually sued on was payable to both plaintiffs, does not obviate the objection. The petition must by its averments disclose a cause of action; it cannot be aided by exhibits filed. *Curry v. Lackey*, 35 Mo. 392.

2. The note was upon its face and the admitted facts, void as to all the defendants. The actual case tried, not that which the petition is made to represent, is a suit upon a note made by one of plaintiffs (who is also defendant), with his co-defendants as sureties, and the singular anomaly is presented—which, it is submitted, finds no parallel in the authorities—of a principal debtor seeking, as co-plaintiff, to exact payment of his own debt from himself and his sureties in an action at law. Upon this case we submit: (1) In contemplation of law a man can neither contract with nor sue himself. Parsons Partnership, 290; *Eastman v. Wright*, 6 Pick. 320; *Mainwaring v. Newman*, 2 Bos. & P. 124; *Neale v. Turton*, 4 Bing. 149; 1 Chitty Plead., (16 Am. Ed.) 63. The great embarrassment which courts of equity have experienced, in attempting to afford any relief in the case of firms with a common member, illustrates the universal recognition of the principle stated. 5 Am. Law Rev. 51; *Cole v. Reynolds*, 18 N. Y. 74; *Rogers v. Rogers*, 5 Ired. Eq. 31; 1 Story Eq. 679; Parsons on Part., 288; *Grahame v. Harris*, 5 Gill & J. 490; *Burley v. Harris*, 8 N. H. 235; *Portland Bank v. Hyde*, 11 Me. 198; *Belknap v. Gibbens*, 13 Met. 471. (2) That J. D. Faulkner assumed to contract with and sue himself, "as executor," is wholly immaterial. *Moffatt v. Van Mullingen*, 2 B. & P. 124n. Neither as executor nor in any other capacity could Faulkner contract with himself; nor alone, nor jointly with his co-executor, sue himself. 6 Pick. 320; 2 Williams Executors, 912; *Fitzgerald v. Boehm*, 6 Moore 332.

(3) There being no contract made by Faulkner, the princi-
pal, no obligation was created against the co-defendants, his
sureties.     Theobald on Principal and Surety, 2; Brandt
on Surety, § 36; *Andrus v. Chretien*, 3 La. 48; Domat Civil
Law, bk. 3, tit. 4, art. 2; *Leckie v. Scott*, 10 La. 416; *Levy
v. Wise*, 15 La. Ann. 38.   It is true that where the principal
has a defense to the contract in the nature of a personal
privilege or protection, such as coverture or infancy, the
contract subsists, and sureties may be charged.   But the
cases illustrating this familiar doctrine are clearly distin-
guishable from those where there is no principal obligation
capable of being assumed.   In cases of the former class
the law contemplates a principal obligation created and
actually subsisting, but against which the principal enjoys
a personal exemption.   Brandt on Surety, §§ 11, 128.   But
where there is in contemplation of law, no principal and
no debt, there can be no surety.   Ib., § 121.   In the case
at bar there is no principal and no debt.   Faulkner is not
protected by a mere personal exemption or privilege from
liability on a subsisting contract, but in contemplation of
law there was no contract.   There is nothing upon which
the obligation of surety can rest.

        3.   The note was void for want of consideration as to
all parties.   As each of the co-executors had a several
power over the assets of the estate, (1 Perry on Trusts, §
421,) the permission given Faulkner by his co-executor to
collect the St. Louis note constituted no legal considera-
tion for the note now sought to be enforced against his
sureties.     Assuming, therefore, that the note had been
executed to Bland alone, as set out in the petition, and suit
brought by Bland alone, it is clear that the right of Faulk-
ner to collect the assets of the estate did not rest upon the
permission of his co-executor, and that the granting or
withholding such permission or consent could have no effi-
cacy whatever in enlarging or lessening his lawful powers.
There is no evidence of a *devastavit*; that Faulkner col-
lected assets belonging to the estate affords no presumption

whatever of one; the law presumes that, as he did what he had a right to do, the funds so collected were held by him for the purpose of his trust, as required by law. The fact that Bland testifies that he has " had exclusive control of all money and property belonging to the estate for two years," cannot impair this presumption, or change the law controlling the powers of co-executors.

*L. F. Parker* for the other appellants.

1. The note offered in evidence was not the note sued on, and should have been excluded. *Kiskaddon v. Jones*, 63 Mo. 190; *Buffington v. A. & P. R. R. Co.*, 64 Mo. 246; *Edens v. H. & St. Jo. R. R. Co.*, 72 Mo. 212; *Waldhier v. H. & St. Jo. R. R. Co.*, 71 Mo. 514.

2. There is no evidence of presentment, demand or notice to charge Malcolm as indorser. Diligence in these particulars is a condition precedent to plaintiffs' recovery. *U. S. Bank v. Smith*, 11 Wheat. 171; *Sebree v. Dorr*, 9 Wheat. 558; *Irvine v. Withers*, 1 Stewart (Ala.) 234. Neither presentment nor demand was made at the Security Bank, where the note was payable, nor is it shown whether said bank is out of business, or if still in business, whether the notary made any effort whatever to find it. The notary's certificate, not being supported by affidavit, is no evidence of notice to the indorser, (R. S., § 2320;) though it is notice of demand and refusal. R. S., § 552.

3. There is no evidence of any waiver of protest by Malcolm, and such evidence, if offered, would have been inadmissible under the pleadings. *Long v. Dismer*, 71 Mo. 452. Such evidence must be clear and distinct, and will be strictly construed. 1 Parsons Notes and Bills, 596; *Jaccard v. Anderson*, 37 Mo. 91. It would have been incompetent if offered, because no issue as to waiver was made by the pleadings. *Kiskaddon v. Jones, supra; Buffington v. R. R., supra; Edens v. R. R., supra; Waldhier v. R. R., supra.*

4. If the case was decided upon the theory that Malcolm was liable as maker, then he was discharged by failure to prosecute the suit against J. D. Faulkner; for he was at best security for Faulkner. R. S., §§ 3896, 3897; *Peters v. Linenschmidt*, 58 Mo. 464.

5. The note was given without consideration, and is void. Permission from one executor to his co-executor to collect money due the estate of which they were joint executors, is no consideration. If there be several executors they are regarded in the light of an individual person; they have a joint and entire interest in the effects of their testator. *Murray v. Blatchford*, 1 Wend. 583; 1 Williams on Executors, (5 Ed.) 818. And neither can recover money or property of the estate which is in the hands of the other, at law; (1 Williams on Executors, 819,) each having full power and being the absolute owner. *Saunders v. Saunders*, 2 Litt. (Ky.) 314. Faulkner, therefore, had the right to collect the money without the permission of his co-executor.

6. The note is also void, because it is a contract of a man with himself. 1 Pothier Obligations, 306; Bishop Contracts, 250, 251, 254, note 2.

7. A note or other security given by one executor in which he, with his co-executor, is promisee, cannot be enforced in a court of law against either the promising executor or his surety. An executor cannot sue his co-executor or one bound jointly with him in a court of law. 1 Williams Executors, 820; *Fitzgerald v. Boehm*, 6 Moore 332; *Martin v. Martin*, 13 Mo. 36; *Simon v. Albright*, 12 Serg. & R. 429; *Steinman v. Saunderson*, 14 Serg. & R. 357; *Moffatt v. Van Mullingen*, 2 Chitty (K. B.) 539; *Quinn v. Stockton*, 2 Litt. (Ky.) 343; *Chandler v. Shehan*, 7 Ala. (N. S.) 251.

*C. C. Bland* and *Smith & Krauthoff* for respondents.

1. The note was properly admitted in evidence. The

variance, if any, could not mislead defendants. R. S., § 3565. As they failed to file the affidavit required by the statute, they cannot be heard to complain. *Clements v. Maloney*, 55 Mo. 352; *Meyer v. Chambers*, 68 Mo. 626.

2. The protest was admissible in evidence; (Wag. Stat., 598, § 50; *Commercial Bank v. Barksdale*, 36 Mo. 563;) at least to prove demand and refusal. Wag. Stat., 218, § 20; 2 Dan. Neg. Inst., (2 Ed.) § 959.

3. Aside from the protest, there is sufficient evidence of notice to Malcolm. (*a*) In a suit by a holder against an indorser, a recovery can be had upon proof that the indorser, after the time when he was entitled to notice of protest, acknowledged his liability. Such proof is *prima facie* evidence of a demand and notice. 2 Dan. Neg. Inst., §§1147, 1152, 1156, 1157, 1162; 1 Parsons Notes and Bills, pp. 595, 596, 597, 598, 604, 605; *Salisbury v. Renick*, 44 Mo. 554; Story Prom. Notes, § 364. The proof in this case is, that Malcolm frequently, in conversation with plaintiff, after the maturity of the note admitted his liability. Again, his conduct in requiring Bland to bring suit is an admission that he was bound for the payment of the note, otherwise he would have had no concern with the note and no right to avail himself of the provisions of section 1, page 1302, Wagner's Statutes. An admission that he was bound is tantamount to an admission that he received notice. Proof of such an admission absolved plaintiff from proving notice. *Lane v. Steward*, 20 Mo. 98; Chitty on Bills, (8 Ed.) 533; 3 Kent Com., 113; *Tebbetts v. Dowd*, 23 Wend. 379. Whether Malcolm's actions amounted to an admission of the receipt of notice, was a question of fact for the jury. *Union Bank v. Magruder*, 7 Pet. 287. (*b*) The name of Malcolm being signed on the back of the note, and he being neither payee nor indorsee, was *prima facie* a maker, and the plaintiffs were entitled to recover against him without proof of demand and notice to him. *Baker v. Block*, 30 Mo. 225; *Western B. Asso. v. Wolff*, 45 Mo. 104; *Cahn v. Dutton*, 60 Mo. 297.

4. Malcolm claimed in his answer and testimony to be an indorser. As such, the statute in relation to sureties and their discharge, had no application to him. Wag. Stat., 1302; *Clark v. Barrett*, 19 Mo. 39; *Freligh v. Ames*, 31 Mo. 253; *Miller v. Mellier*, 59 Mo. 388; *Langdon v. Markle*, 48 Mo. 357.

5. The note is supported by a valid consideration. It was given for a loan of money by the estate of R. P. Faulkner to J. D. Faulkner. Such a note is enforceable. 2 Redfield Wills, (Ed. 1866) 116; *Alston v. Jackson*, 4 Ired. Law 49. By indorsing the note Malcolm and Demuth warranted the power of J. D. Faulkner to execute it. Story on Prom. Notes, (7 Ed.) § 135; 1 Dan. Neg. Inst., (2 Ed.) §§ 226, 242, 669. 675, 676. And, although the note should be held not enforceable against Faulkner, it is, nevertheless, a valid instrument as to them. *Weed S. M. Co. v. Maxwell*, 63 Mo. 486; *Bank v. Caverly*, 7 Gray 217. The supposed difficulty arising from the fact that J. D. Faulkner was the principal in the note, and at the same time one of the representatives of the fund from which came the consideration for said note, and as such required to bring suit therefor, was obviated by the dismissal of the suit as to him. Under the statute the holders of the note could sue as many of the persons liable thereon as they saw proper. 2 Wag. Stat., 1001, § 7; *Page v. Snow*, 18 Mo. 126. The difficulty affected only the remedy and not the right nor the validity of the note. *Pitcher v. Barrows*, 17 Pick. 361; *Blake v. Wheadon*, 2 Hayw. 109; *Smith v. Lusher*, 5 Cow. 688. The position that J. D. Faulkner was both maker and payee of the note, is untenable. The consideration of the note was, as shown by the evidence, a portion of the estate of R. P. Faulkner, of which J. D. Faulkner and Bland were executors. The payees of the note were trustees of an express trust, and the note was payable to them in their representative capacity. They had no direct personal interest in the note.

6. Malcolm is liable notwithstanding his position as

accommodation indorser, if the plaintiffs are holders for value. Story Prom. Notes, § 194; Byles on Bills, pp. 198, 208, 209. And this, although they knew at the time they took the note that the indorsement was for accommodation only. *Miller v. Mellier*, 59 Mo. 388; 1 Parsons Notes and Bills, pp. 183, 184; *Thompson v. Shepherd*, 12 Met. 311; *Molson v. Hawley*, 1 Blatchf. C. C. 409; *Marr v. Johnson*, 9 Yerg. 1. And the estate of R. P. Faulkner, and the plaintiffs as the representatives of that estate, must be regarded as holders for value within the meaning of the above rule. Story Prom. Notes, § 195; 1 Dan. Neg. Inst., (2 Ed.) § 790.

7. Presentment at the former place of business of the Security Bank was sufficient. *Lawrence v. Dobyns*, 30 Mo. 196; *McKee v. Boswell*, 33 Mo. 567; 1 Dan. Neg. Inst., §§ 635, 639.

## I.

SHERWOOD, C. J.—The note in suit was declared on as made, executed and delivered to C. C. Bland, as one of the executors of the estate of R. P. Faulkner; that offered in evidence in support of such allegation was, according to its terms, made and executed to J. D. Faulkner and C. C. Bland, executors. The objection to the introduction of the note in evidence was consequently well taken, and should have prevailed. This is not a case of mere statutory variance, such as may be cured by failure to make the requisite affidavit, but a failure of proof in a vital particular; the allegation of one cause of action and the introduction of evidence to establish another and very different cause. *Waldhier v. H. & St. Jo. R. R. Co.*, 71 Mo. 514.

## II.

There are other objections equally serious connected with the petition. The note offered in evidence is made payable at the Security Bank, while the one declared on does not mention any place of payment; the *allegata* and *probata*, therefore, do not correspond. Mr. Justice Story

says : " Nothing is better established, both on principle and authority, than that if the place where a note is payable is omitted in the declaration, it is fatal ; for the evidence produced does not support the declaration. There is a variance in the essence of the instrument as declared on and as proved." *Sebree v. Dorr,* 9 Wheat. 558. The note in suit is payable, as already stated, at a particular place, and there is no allegation in the petition of presentment at such place, demand of payment and of notice to the indorser. His contract, like his liability, is only conditional. The condition precedent to his conditional liability becoming absolute is that the holder demand payment at the place designated, and duly notify him of any default. The plaintiffs' title to recover, therefore, depends upon averment of performance of the condition precedent. The petition before us containing no such averment, its absence is fatal to any recovery against the indorser.

### III.

If the petition had contained the proper allegation just mentioned as to presentment, etc., it seems that the authorities preponderate, at least in this country, in favor of the view that evidence excusing such presentment or showing a waiver of demand and notice, as *ex gr.,* a distinct promise to pay made after maturity by the indorser, with full knowledge, etc., would be admissible in support of the usual averment.  2 Chitty Plead, (16 Ed.) p. 79 n.

### IV.

But even had the petition been properly drawn in the foregoing particulars, the certificate of the notary would have been insufficient in support thereof; and this is apparent for this reason : By a legislative oversight, although section 20, (1 Wag. Stat., 218,) makes a notarial protest evidence of a demand and refusal to pay, section 50, (Ib., 598,) only makes such protest evidence of demand, refusal and notice of dishonor, when verified by affidavit, so that

the certificate of the notary in the present instance not being verified as required, could be evidence, even if otherwise unobjectionable, only of demand and refusal, and not of notice. The certificate is also objectionable in that it fails to state how, or in what way, the notary gave notice to Malcolm, the indorser. Had it stated that the notary had mailed to Malcolm, at the proper post office, the usual papers, this would have been sufficient. *Pier v. Heinrichshoffen*, 67 Mo. 163. The certificate is otherwise unobjectionable. It shows due diligence on the notary's part. He went to the locality designated for payment. Not finding the Security Bank at the place it formerly occupied, he did all he could do by presenting the note for payment to the officers in charge of a bank occupying the rooms formerly occupied by the Security Bank. In such circumstances no demand on the makers was necessary. 2 Daniel Neg. Inst., § 1119.

## V.

As this case must go back for re-trial, it is unnecessary to discuss the sufficiency of the evidence to establish Malcolm's liability as indorser. We may, however, venture the observation that in a recent case in this court, we held that "if the proper steps are not taken to fix the indorser, and thus convert his conditional liability into an absolute engagement, he is discharged, unless, with a full knowledge of all the facts of his release, he promises to pay the debt, or does acts from which such promise can be clearly and unmistakably inferred." *Long v. Dismer*, 71 Mo. 452. Not a few authorities may be found announcing that an indorser will not be chargeable after laches by the holder, unless upon his express promise to pay. 2 Greenleaf Ev., § 197, and cases cited. Some of the cases announce, on the other hand, a very lax rule in this particular, making almost any act or expression of the indorser sufficient to charge him. 1 Parsons Notes and Bills, 616. We are unwilling to follow them.

## VI.

Malcolm's claim is, that he is only an accommodation indorser. There is no doubt that such an indorser, while the paper remains in first hands, may successfully plead and prove such fact as a defense. 1 Parsons Notes and Bills, 183, 184, and cases cited. But though such a defense is good as between the accommodation indorser and the person to whom he grants the use of his name, yet the defense becomes unavailable when the note passes into other hands. *Miller v. Mellier*, 59 Mo. 388. We incline to the opinion that the paper has thus passed, and that Bland is a holder for value within the meaning of the authorities. Story Prom. Notes, § 195. This was certainly the result intended to be accomplished by all the parties, and we are not disposed to allow them to withdraw from the consequences of their own voluntary act and to proclaim that act a nullity.

## VII.

Although a person who, before delivery thereof, indorses a note of which he is neither payee nor indorsee, is *prima facie* one of the makers of such note, parol evidence is always admissible to show in what capacity his signature was given. *Kuntz v. Tempel*, 48 Mo. 71; *Mammon v. Hartman*, 51 Mo. 168; *Seymour v. Farrell*, 51 Mo. 96; *Cohen v. Dutton*, 60 Mo. 297. The first declaration of law given at plaintiffs' instance is, of consequence, erroneous.

## VIII.

If Malcolm, as the petition alleges, was an indorser of the note, he was not a surety, and if not, had no right to notify Bland to bring suit, and is not discharged because of any failure of the latter in that particular, nor because of the dismissal of such a suit after its commencement. The second declaration of law asked by defendant Malcolm was, therefore, properly refused. *Clark v. Barrett*, 19 Mo. 39.

## IX.

The authorities for defendants abundantly show that a party bound in a contract with others, whereby he becomes both obligor and obligee, cannot maintain on such contract an action at law; cannot, in a word, sue himself. This principle, however, does not apply, even at common law, except where the contract is joint, and not where it is (as are all contracts in this State) both joint and several. Thus, where an action was brought by A and B, payees of a joint and several note against C, one of the makers, and it was pleaded that the note was made by B, one of the plaintiffs, the defendant and another, and upon argument, the case of *Moffatt v. Van Millengen*, 2 Bos. & P. 124 n, and other similar cases were discussed, and the plea was held bad. This was upon the grounds that the cases just cited were distinguishable from that one; that the contract sued upon was the several contract of the defendant; and the fact that there was also, upon the same instrument, a joint contract by the three makers, was no defense; that, practically, there were three promissory notes, signed by three different parties; and that the note declared on was not that signed by the plaintiff Smith, but that signed by the defendant. But it was freely conceded there, that if the note were merely a joint contract, it would not be enforceable at law. *Beecham v. Smith*, E. B. & E. 442. To the same effect are *Winter v. White*, 1 Brod. & Bing. 350; *Bedford v. Brutton*, 1 Bing. (N. C.) 399; Leake on Contr., 440. Testing the case at bar by the rules just announced, no question can arise but that the note in suit being the joint as well as several contract of each and all whose names are signed thereto, an action is maintainable in favor of plaintiffs, and against defendants, even at law. The cases in support of the foregoing position, cases which make the distinction adverted to between actions on contracts joint and several, and actions on those joint only, it seems are quite few in number, since those cited are all that a most diligent search has

been able to discover. But no case save an early one in Alabama, (*Ramsey v. Johnson*, Minor 418,) has been found denying the correctness of the foregoing distinction.

## X.

There is but one further point requiring discussion, and that is, whether there was any consideration for the contract evidenced by the note. If J. D. Faulkner has collected for his own use the note due the estate, we do not doubt that the note before us is supported by a valid consideration. An express promise to pay made by one executor to another can be the basis for an action at law by the one against the other. *Phillips v. Phillips*, 1 Stewart 71. The fact that the note here is made payable also to J. D. Faulkner as one of the representatives of the estate, does not alter the validity of the transaction, nor overthrow the consideration which supports it. The note is not, strictly speaking, " void at law," even as to J. D. Faulkner. It would perhaps be more accurate to say it is not available or collectible at law, for if the note were absolutely void, recovery upon it in any *forum* would be impossible. But it is not absolutely void, because it is certain that if transferred by the executors, action, even at law, might be maintained upon it by the transferee against all parties to it. 1 Daniel Neg. Inst., § 354, and cases cited. The note, therefore, is not void, nor without consideration, if Faulkner has, as before stated, collected the money for which this note was given, and applied the same to his own use ; for thereby he has received the *quantum* of value represented by the note. In short, we are disposed to regard the estate of R. P. Faulkner represented by Bland as the creditor, and the individual J. D. Faulkner, as the borrower and debtor ; the real nature of the transaction, when divested of all technicality, being simply this : That J. D. Faulkner has borrowed the money of the estate from his co-executor, Bland, an irregular and improper transaction, it must be confessed ; but it does not lie in the mouth

of Faulkner to plead such irregularity as a defense, and no more does it lie in the mouths of those, his sureties, but for whose action in signing the paper, the necessity of this suit would not have arisen. The judgment is reversed and the cause remanded. All concur, except RAY, J., absent.