Boatmen's Savings Bank, Appellant, v. E. M. Johnson et al., Administrators, Respondents.

St. Louis Court of Appeals, January 18, 1887.

1. Principal and Surety—Exception to Rule.—Under an agreement by which the principal is discharged from liability to the creditor, but by which the rights of the surety against the principal, and of the creditor against the surety, are reserved, the surety's liability to the creditor is not discharged.

2. ——— Negotiable Instruments—Indorser.—An indorser of negotiable paper, whose liability is fixed by the dishonor of the paper, demand, and protest, is not a surety within the meaning of sections 3896, *et seq.*, of the Revised Statutes.

Appeal from the St. Louis Circuit Court, Shepard Barclay, Judge.

*Reversed and remanded.*

A. M. Gardner, with whom are Kehr & Tittman, for the appellant: If the creditor, by the composition agreement, which discharges the maker or acceptor, reserves his remedies against the indorser, the latter remains liable. The debt, in such case, is not satisfied or extinguished. *Bank v. Schmucker*, 7 Mo. App. 171 ; *Ex parte Glendining*, Buck's Cases in Bankruptcy, 517 ; *Kearsley v. Cole*, 16 Meeson & Welsby, 127 ; *Price v. Barker*, 30 Eng. L. & Eq. R. 157 ; *Sohier v. Loring*, 6 Cush. 537 ; *Tobey v. Ellis*, 114 Mass. 120 ; *Kenworthy v. Sawyer*, 125 Mass. 28 ; *Lysaght v. Philips*, 5 Duer, 106 ; *Wayman v. Hoag*, 14 Barb. 232–9 ; *Hagey v. Hill*, 76 Pa. St. 108–10 ; *Clagett v. Salmon*, 5 Gill & J. 314–355 ; *Morse v. Huntington*, 40 Vt. 488 ; *Williams v. Hitchings*, 10 Lea. (74 Tenn.) 326 ; *Mueller's Ex. v. Dobschuetz*, 29 Ill. 176 ; *Bank v. Lineberger*, 83 N. C. 454–6 ; *Stirewalt v. Martin*, 84 N. C. 4.

GEORGE H. SHIELDS, ana GLOVER & SHEPLEY, for the respondents: The release, by a creditor, of a principal debtor, discharges the sureties. *Hempstead v. Hempstead*, 27 Mo. 187 ; *Eggeman v. Henschen*, 56 Mo. 123 ; *Prior v. Kiso*, 81 Mo. 241 ; *The State v. Matson*, 44 Mo. 308. In a release of the principal debtor by a creditor, a clause reserving right to proceed against the sureties is void. *Webb v. Hewitt*, 3 Kay & John. 438 ; *Bank v. Blair*, 44 Barb. 642.

THOMPSON, J., delivered the opinion of the court.

The single question presented by this record is, whether an endorser or surety is released by a composition agreement between the holder of the obligation and the maker, acceptor, or other principal debtor, which composition, in express terms, reserves every right and remedy which the holder, or obligee, has against other persons. The question must be answered upon authority, that such an agreement does not discharge the endorser or surety.

Two principles are universally conceded in respect of the rights of sureties, and are not disputed by the parties to this proceeding: (1) That a valid agreement between a creditor and his principal debtor, whereby the creditor, in consideration of the payment of a part of the debt, discharges the principal debtor, will, without more, operate to discharge a surety. (2) That an agreement between a creditor and his principal debtor, whereby the creditor agrees, for a consideration, to extend the time of payment, will, without more, operate to discharge a surety. But it is an exception to the former of these rules, equally well settled, that such an agreement will not operate to discharge a surety where the agreement itself contains an express reservation of the remedies of the creditor against sureties, or against all persons other than the principal debtor, who may be liable. *Ex parte Gifford*, 6 Ves. 805, 807, per Lord

Eldon, L. C.; *Hubbell v. Carpenter*, 5 N. Y. 171 ; *Sohier v. Loring*, 6 Cush. 537 ; *Tobey v. Ellis*, 114 Mass. 120 ; *Mueller v. Dobschuetz*, 89 Ill. 176, 182 ; *Stirewalt v. Martin*, 84 N. C. 4 ; *Morse v. Huntington*, 40 Vt. 488, 496. This principle was recognized by this court in *Broadway Savings Bank v. Schmucker* (7 Mo. App. 171). It is an equally well settled exception to the second of these rules, that such an agreement will not operate to discharge a surety, where the agreement itself contains an express reservation of the remedies of the creditor against sureties, or against all persons other than the principal debtor who may be liable. *Ex parte Glendenning*, 1 Buck, 517 ; *Boulthee v. Stubbs*, 18 Ves. 20, 26 ; *Nichols v. Norris*, 3 Barn. & Ad. 41 ; *Clagett v. Salmon*, 5 Gill & J. 314 ; *Wyke v. Rogers*, 1 DeG., M. & G. 408 ; *Melville v. Glendenning*, 7 Taunt. 126 ; *Bangs v. Strong*, 10 Paige, 11 ; *Bank v. Lewis*, 8 Pick. 458 ; *Blackstone v. Hill*, 10 Pick. 132 ; *Bank v. Lineberger*, 83 N. C. 454 ; *Vielle v. Hoag*, 24 Vt. 46. Our supreme court made a ruling which rests upon similar reasons in *Rucker v. Robinson* (38 Mo. 154).

These two exceptions to the two rules above stated rest upon the same principle. They are grounded upon the principle that, where a contract expressly reserves the remedy of the creditor against other persons (which includes sureties), the sureties are in no way prejudiced by the agreement. By entering into such an agreement, the principal debtor impliedly consents that whatever remedies his sureties have against him shall remain open to them. They are, thereafter, at liberty to pay the debt at once, and proceed immediately against their principal for reimbursement. An examination of many decisions shows that the principles which support these two exceptions to the respective rules above stated are precisely the same. Courts adopt the same mode of reasoning in the two cases, and cite interchangeably decisions where the agreement was for a discharge of the principal debtor, and where it was merely for an extension of time to him.

This principle has been applied in a number of cases where the agreement was merely that the creditor would not sue the principal debtor within a stated period of time. *Price v. Barker*, 4 El. & Bl. 760, 778; C. C., 30 Eng. L, & Eq. 157; *Kearsley v. Cole*, 16 Mees. & W., 128, 135; *Perkins v. Gilman*, 8 Pick. 229; *Fullman v. Valentine*, 11 Pick. 156; *Kenworthy v. Sawyer*, 125 Mass. 28; *Hagey v. Hill*, 75 Pa. St. 108. In these cases, where there is a reservation of the remedies of the creditor against all other persons, or against sureties, the reasons upon which the courts refuse to discharge the sureties, are two-fold: (1) The reason above stated, that the agreement in no way prejudices the surety as to any remedy which he may have against his principal. (2) The additional reason that a covenant not to sue can not be pleaded in bar of an action, in case it is brought in violation of the covenant, the courts proceeding upon the refinement that such a covenant affords merely the ground of an action for damages. This distinction was noticed by our supreme court in *Rucker v. Robinson (supra)*. Whether it is well, or ill, founded, we need not now consider. Assuming that it is well founded, the defendant's position is not helped; because, in the cases where the agreement was merely an agreement not to sue, the courts have universally rested their decisions as well upon the reason that the sureties were not prejudiced by the agreement, and hence not discharged, as upon the reason that the agreement did not prevent the creditor from suing the principal debtor at any time. An examination of numerous cases convinces us that, with one or two isolated exceptions, they afford no ground for raising the distinction which has been attempted in this case, between agreements not to sue and agreements to discharge the principal debtor entirely, reserving rights against all other persons. We should add that the statement of Judge Wagner in *The State ex rel. v. Matson* (44 Mo. 305, 308), that "a release of the prin-

cipal will always discharge the surety," was an *obiter dictum* and did not correctly state the law. Nor is there anything in the provisions of section 666, Revised Statutes, to which we have been cited, which changes the rule of the common law on this subject.

We find, then, that the exception to the general rule, which supports the plaintiff's claim in this case, has been thoroughly settled in England, and in this country, by the most authoritative courts; and as we have no jurisdiction to change the law, we must hold that the circuit court erred in the view that the defendant was not liable, and in non-suiting the plaintiff.

II. The decedent, against whose estate this claim was proved, became liable as an endorser for value on a bill of exchange drawn in favor of a partnership firm of which he was a member. In view of this fact, we have thought it worth while to consider whether the statute providing for the discharge of a surety by the delay of the creditor, upon notice to sue the principal debtor (Rev. Stat., sect. 3896, *et seq.*), might not operate to change, in this state, the rule of the common law above stated. But we find, on examination of the decisions of our supreme court, that it is settled in this state that this statute has no application to endorsers, even for accommodation, of commercial paper, but that it applies only to sureties who were originally liable as such by the terms of the instrument creating liability. *Clark v. Barrett*, 19 Mo. 39; *Miller v. Mellier*, 59 Mo. 388; *Faulkner v. Faulkner*, 73 Mo. 327, 338; recognized in *Priest v. Watson*, 75 Mo. 310, 316.

The judgment will be reversed and the case remanded. It is so ordered. All the judges concur.