D. M. OSBORNE & COMPANY, Respondent, v. CHARLES LAWSON ET AL., Appellants.

St. Louis Court of Appeals, May 31, 1887.

1. GUARANTY—CONSIDERATION.—A guaranty of the payment of a note is an independent contract, and must be supported by an independent consideration, unless, on the faith of it, and contemporaneously with it, the person receiving it parts with some value.

2. ———— LACHES.—The words, "for value received, I hereby guarantee the payment of the within note at maturity, or at any time thereafter, and waive demand, protest, and notice of non-payment thereof," constitute an absolute guaranty of payment, and no laches of the holder will discharge the guarantor.

APPEAL from the Lawrence County Circuit Court, M. G. McGREGOR, Judge.

*Affirmed.*

ADIEL SHERWOOD and N. GIBBS, for the appellants : The contract of a guarantor is his separate, independent contract; it is collateral and secondary, and not a joint engagement with the maker. The guarantor is liable only when the debtor has proved insolvent after due diligence has been used by the creditor to obtain payment; and due diligence is that which a vigilant creditor employs when he has no other security than the obligation of the debtor. The exercise of this due diligence is a

condition precedent to the right of action against the guarantor, and the guarantor is excused to the extent of the damage he has suffered by this lack of due diligence and neglect on the part of the holder of the note. *Oxford Bank v. Haynes*, 8 Pick. 423; *Phillips v. Astling*, 2 Taunt. 206; *Warrington v. Furber*, 8 East, 245; *Perry v. Barret*, 18 Mo. 140; *Central Savings Bank v. Shine*, 48 Mo. 463; *McNall v. Burrow*, 33 Kas. 495; *Murray v. Noyes*, 72 N. Y. 523; *McMillan v. Bank*, 32 Ind. 11; *Craig v. Parkis*, 40 N. Y. 181; *Pain v. Packard*, 13 Johns. 174; *Mizner v. Spier*, 96 Pa. St. 533; *Building Ass'n v. Lichtenwalner*, 100 Pa. St. 103; *Reigert v. White*, 52 Pa. St. 438; *Hoffman v. Bechtel*, 52 Pa. St. 190; *Johnson v. Chapman*, 3 Pa. Rep. 18; *Brown v. Brooks*, 25 Pa. St. 210; *Parker v. Culvertson*, 1 Wall. Jr. 149, 161; *Gilbert v. Henck*, 30 Pa. St. 205; *Parmerlee v. Williams*, 71 Mo. 410. The waiver of demand or protest is simply a waiver of technicalities, and furnishes no excuse for the negligent acts of the plaintiff in this case. A waiver of technicalities is not a waiver of that due diligence which the law makes part and parcel of the contract of guaranty. *Murray v. Noyes*, 72 N. Y. 523; *Hartman v. Bank*, 103 Pa. St. 582; *Zahn v. Bank*, 103 Pa. St. 576; *Hoffman v. Bechtel*, 52 Pa. St. 190. The contract of guaranty being a separate, independent contract, requires a consideration to support it, and where, as in this case, there is a total failure of consideration, there can be no recovery. Between the parties the consideration may always be inquired into. The words, "value received," are only *prima facie* evidence of consideration. *Aldrich v. Stockwell*, 9 Allen, 45, 46; *Parish v. Stone*, 14 Pick. 198; *Howard v. Jones*, 13 Mo. App. 595, 596; *Pfeiffer v. Kingland*, 25 Mo. 66; *Cook v. Elliott*, 34 Mo. 586; *Stagg v. Linnenfelser*, 59 Mo. 336, 342, 343.

HENRY BRUMBACK, for the respondent: The respondent's evidence, viz.: the contract of agency, having

shown good consideration for the guaranty, and there being no competent evidence on behalf of the appellants, tending to show want of consideration, the appellants' first instruction was properly refused. *Glenn v. Lehnen*, 54 Mo. 52, and cases cited. The contract of guaranty expressly waives demand, and hence it was no part of the duty of the respondent to forward the note to the place of payment. The contract guarantees payment at maturity, and at any time thereafter; and hence the appellants could not require the respondent to proceed to collect, or to forward the note to them for collection, and the appellants' second and fourth instructions were improper. *Koenig v. Bramlett*, 20 Mo. App. 636; *McMurray v. Noyes*, 72 N. Y. 574. The answer set up that the principal was solvent at the maturity of the note; that the plaintiff neglected to demand payment, and to forward the note, and, in the meantime, the principal became insolvent, and the evidence offered to sustain these allegations constitutes no defence. Hence, the instruction given by the court is correct, and the appellants' third instruction was properly refused. *Brown v. Curtis*, 2 Comstock, 225; *Herrick v. Borst*, 4 Hill, 652; *Airey v. Pearson*, 37 Mo. 424; *Routon's Adm'r v. Lacy*, 17 Mo. 400; *Cain v. Bates*, 35 Mo. 427; *Freligh v. Ames*, 31 Mo. 254; *Sappington v. Jeffries*, 15 Mo. 628; *Langdon v. Markle*, 48 Mo. 360; *Koenig v. Bramlett*, 20 Mo. App. 636; *Wright v. Dyer*, 48 Mo. 526; *Peters v. Linenschmidt*, 58 Mo. 466; *Miller v. Mellier*, 59 Mo. 388; Rev. Stat., sects. 3896, 3897; *Lockridge v. Upton*, 24 Mo. 184; *Bickford v. Gibbs*, 8 Cushing, 154; *Worcester v. Davis*, 13 Gray, 531.

THOMPSON, J., delivered the opinion of the court.

This was an action upon the following contract of guaranty, indorsed on the back of a promissory note, for the sum of one hundred and seventy-five dollars, which note was given, by T. S. Price, to the plaintiffs:

"For value received, I, or we, hereby guarantee the

payment of the within note, at maturity, or any time thereafter, and waive demand, protest, and notice of non-payment thereof.

"Lawson, Clements & Co."

The substantial defences were, that the contract of guaranty was made without consideration; that the plaintiffs had failed to present the note at maturity to the maker, Price, for payment, although requested by the defendants so to do; that, at the date of payment, and for some time thereafter, Price was solvent, and could and would have paid the note, if presented, but, subsequently, and before the note was, in fact, presented to him for payment, became, and continued to be, insolvent; by reason of which negligence of the plaintiffs, the defendants contend that they are released from the obligation of their contract of guaranty. The court refused a number of instructions, presenting to the jury the defendants' theory of their defence, and, at the request of the plaintiffs, gave an instruction to the effect that the defence, if made out, was not good in law. Thereupon, there being nothing for the jury to do but to compute the amount due upon the note, the plaintiffs' counsel made the computation, in open court, and handed it to them, and they, without retiring from their seats, returned a verdict for the plaintiffs for the amount of the note, with interest, upon which judgment was entered, from which judgment the defendants prosecute this appeal.

I. The plaintiffs put in evidence, at the trial, a long printed and written contract between them and two of the defendants, describing themselves as D. M. Osborne & Company, whereby these defendants undertook to become their agents, for the sale of agricultural machinery manufactured by them. This contract contains, above the signatures of the parties, the following provisions relating to the terms of payment upon which the defendants might sell the plaintiffs' machines. After providing that payments might be made, partly in

cash and partly in notes, it recites : "And when not wholly paid for in cash, notes, of the form furnished by the party of the first part, shall be taken for the unpaid balance, signed by the purchaser, and payable to the order of the party of the first part, and the same shall be indorsed, and the payment thereof guaranteed, by said party of the second part, waiving demand, protest, and notice of non-payment thereof, and be made payable at some bank or express office, near the residence of the purchaser." Below the signatures of the parties, there was printed, in blank, the form of a supplementary contract of guaranty. This was signed by Lawson and Clements, in like manner as they had signed the contract itself, but their signatures, on the copy kept by them, had been erased. The defendants gave evidence tending to show that they erased their signatures to this supplementary contract, before the delivery of the contract, because they refused to become bound to guarantee the notes of the parties to whom they might sell the machines. They, also, offered evidence to the effect that, notwithstanding the clause in the contract above their signatures, as above quoted, it was understood that they were not to be bound to guarantee the notes to parties to whom they might sell machines. On objection of the plaintiffs, this evidence, contradicting the terms of the written contract, was excluded. This ruling, upon an elementary principle in the law of evidence, was correct, and the point requires no discussion.

The explanation of the erasure of the signatures of Lawson and Clements to the supplementary contract is scarcely credible ; because, they had, already, by signing the contract in chief, agreed to guarantee the notes of parties to whom they might sell machines, and, because this supplemental guaranty was, by its own terms, a guaranty, not by the contracting parties, but by some other party, to be obtained by them, to guarantee their fidelity and good conduct, as well as the payment of the notes taken by them for machines. Their signatures to

it were entirely inappropriate; since, by signing the main contract, they had already agreed to do all that it required of them. The matter of this erasure was, therefore, properly disregarded by the trial court.

II. The existence of this contract disposes of so much of the defence as sets up that the contract of guaranty was made without consideration. It was made in pursuance of this contract, between the plaintiffs and two of the guarantors, whereby the plaintiffs constituted these two guarantors their agents, within a considerable territory, to sell their agricultural machinery for a lucrative commission. Although the contract was made between the plaintiffs, and Lawson and Clements, only, the evidence shows that it enured to the benefit of the partnership firm of Lawson, Clements & Company, as subsequently constituted, composed of the defendants, Lawson, Clements, and Ryan. The benefits accruing to the firm, under this contract, constituted a consideration good in law for this guaranty by the firm, and the statement of the defendant, Lawson, on the witness stand, that the guaranty was made without any consideration, whatever, must be regarded as a statement of the opinion or conclusion of the witness. *Murdock v. Lewis, ante,* p. 234. The undisputed evidence shows that there was a good consideration.

III. The defendants gave substantial evidence tending to support their defence of the failure of the plaintiffs to present the note for collection at the place of payment, after it had become due, and prior to the time when the maker became insolvent; and the only substantial question in the case is, whether this defence is good in law. We are of opinion that the trial court correctly ruled that it was not a defence good in law. The words of this contract of guaranty have to be carefully attended to. This is a guaranty of *payment,* and not a guaranty of *collection* merely. There is an essential distinction between the two kinds of guaranty. A guaranty of collection implies that the payee will

attempt to collect, and it is a necessary part of the implication that he will use reasonable diligence to that end. But a guaranty of payment is an absolute undertaking by the guarantor that the note shall be paid by the maker at maturity. This distinction is well presented in the opinion of Bronson, J., in *Brown v. Curtiss* (2 Comst. 225), where it was held that, in the case of a guaranty of payment, "proof that when the note became due, and for several years afterwards, the maker was abundantly able to pay, and that he has since become insolvent, would be no answer to this action." The fundamental distinction between the two kinds of guaranty is also well stated by the New York court of appeals, in the case of *McMurray v. Noyes* (72 N. Y. 524), where it is said: "The fundamental distinction between a guaranty of payment and one of collection is, that, in the first case, the guarantor undertakes unconditionally that the debtor will pay, and the creditor may, upon default, proceed directly against the guarantor, without taking any steps to collect of the principal debtor, and the omission or neglect to proceed against him is not (except under special circumstances) any defence to the guarantor; while, in the second case, the undertaking is, that, if the demand can not be collected by legal proceedings against the principal debtor, the guarantor will pay; and, consequently, legal proceedings against the debtor, and a failure to collect of him by those means, are conditions precedent to the liability of the guarantor; and to these the law, as established in numerous decisions, attaches the further condition that due diligence be exercised by the creditor, in enforcing his legal remedies against the debtor."

When, therefore, the defendants signed the contract by which they guarantied the payment of the note at maturity, they made themselves absolutely liable (at least, in the absence of special circumstances) for its payment at maturity, or at any time thereafter. But, in order to place the matter of the contract beyond

all doubt, the draughtsman of it also inserted the words, "or at any time thereafter." The use of these words plainly imports an undertaking, on the part of the defendants, for a continuing liability as guarantors until the note should be paid, whether presented for payment at maturity, or at any time thereafter. Any other conclusion would render the use of the words meaningless. Why should such words be inserted, if it had been the intention of the parties that the plaintiff should be bound to demand payment of the maker at maturity? In the interpretation of a contract of guaranty containing such a clause, we must apply the same principle which this court applied in *Koenig v. Bramlett* (20 Mo. App. 636), where the contract was, "I hereby guarantee the payment of the within note, and any renewal of the same." We held that the use of the expression, "and any renewal of the same," imported an undertaking for a continuing liability, and was tantamount to an agreement, in advance, that the guarantor would consent to any extension of time which the payee might see fit to make. We hold that the guaranty in the case before us imports, substantially, the same undertaking and agreement in advance. This conclusion is strengthened by the use of the additional words in the contract of guaranty, "and waive demand, protest, and notice of non-payment thereof." Even in the case of endorsers of negotiable paper, whose liability is not original, like that of guarantors, but collateral and subsidiary—it is held that, when the liability of the endorser is once fixed, he will not be released by any forbearance in bringing suit against any of the parties to the note. *Miller v. Mellier*, 59 Mo. 388; *Clark v. Barrett*, 19 Mo. 39. The same principle must apply, for equal reasons, where there is a waiver of demand, protest, and notice; and although demand, protest, and notice are not necessary to charge a guarantor, yet the use of the words last quoted in this contract indicates a purpose, on the part of the contracting parties, to place its meaning beyond

all peradventure. That meaning has been distinctly declared in two decisions of our supreme court, and we could not reverse this judgment without proceeding in plain disregard of those rulings. In *Airey v. Pearson* (37 Mo. 424), there was a special endorsement upon the note as follows: "For value received, I assign the within note to Josiah Thornburgh, and hold myself responsible for the payment of the same; the said Pearson [the maker] to have two years in which to pay the same, unless he prefers to pay sooner; interest on same to be paid annually." It was held that, as the word, "guarantee," was not used, the language did not import a promise to guaranty collection merely, but that it imported an absolute promise to pay the note, at all events, and that the holder was not entitled to demand and notice. This doctrine was re-affirmed and applied in *Wright v. Dyer* (48 Mo. 525), where the contract was: "I assign the within note to Henry C. Wright, for value received, and guarantee its prompt and full payment." The defence was, that the contract was conditional and not absolute, and, consequently, that the holder of the note should have shown diligence in his endeavors to collect of the maker, and that the guarantor was entitled to notice of the maker's default. But the court ruled otherwise, following the case previously cited.

We may mention the further fact, as indicating the policy of our law upon this subject, that even the endorsers of negotiable paper are not sureties within the meaning of section 3896, Revised Statutes, which allows sureties to exonerate themselves by giving written notice to the creditor to bring suit against the principal debtor. *Clark v. Barrett*, 19 Mo. 39 ; *Boatmen's Savings Bank v. Johnson*, 24 Mo. App. 316, and cases there cited. It may be doubted whether this statute does not afford the only means known to our law by which a surety may, by affirmative action on his own part, become exonerated from his liability. *Peters v. Linenschmidt*, 58

Mo. 466. But, however this may be, it is held, in the case of sureties who are entitled to claim its benefits, that, in giving notice, the terms of the statute must be complied with. *Lockridge v. Upton*, 24 Mo. 184; *Cain v. Bates*, 35 Mo. 427.

With the concurrence of Judge Rombauer, the judgment of the circuit court will be affirmed. Judge Lewis is absent.