HENRY GRAY, Appellant, v. OLÍVIA C. K. RACE, Respondent.

Kansas City Court of Appeals, December 5, 1892.

Evidence: PLEADING: VARIANCE. The petition declared that defendant assumed an incumbrance of $1,200 at eight and one-half per cent. The evidence showed $1,200 at six per cent., and a series of notes for $150, representing the difference between six and eight and one-half per cent. *Held*, a variance.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Cook & Gossett,* for appellant.

The only question in the case is, was the variance between the deed from Ritchey and Shaver to Mrs. Race, the respondent, and which recited that she agreed to pay an "incumbrance amounting to $1,200 at eight and one-half-per-cent. semi-annual" interest and the mortgage, set out in plaintiff's petition and shown in evidence, fatal? There was no variance, and even if there was it was immaterial under the well-known maxim, "*Descriptio falsa in uno non nocet.*"

*Beebe & Watson,* for respondent.

There was a fatal variance between the deed set forth in pleading and that offered in evidence. *Faulkner v. Faulkner,* 73 Mo. 327; *Feurth v. Anderson,* 87 Mo. 354; 1 Greenleaf on Evidence, secs. 58, 66, 69.

ELLISON, J.—This action is based on the alleged assumption by plaintiff of an incumbrance of $1,200, drawing eight and one-half-per-cent. semi-annual interest. The assumption was made in a deed to defendant, and is in the following words and so declared upon in the petition: "Subject, however, to an incumbrance amounting to $1,200 at eight and one-half-per-cent. semi-annual and accrued interest, said party assumes and agrees to pay the same."

The facts were that plaintiff through a broker made a loan to Ritchey and Shaver of the sum of $1,200 at eight and one-half per cent., for which they executed their notes and mortgage, drawing interest at six per

cent. A second series of notes amounting in the aggregate to $150 without interest, also secured by mortgage on same land, were executed by Ritchey and Shaver to the broker who procured the loan, the said $150 representing the difference between six per cent. and eight and one-half per cent. on $1,200. This difference was compensation to the broker. So that, while plaintiff received six per cent. for the money, Ritchey and Shaver were obligated in the aggregate for eight and one-half per cent. Proof was offered establishing these facts. A demurrer to the evidence was sustained, no offer was made to amend, and the only question for our decision is whether there is a variance between the petition and proof. In our opinion there is. The petition should have set up the facts as they were. The petition set up no such state of affairs as the proof tended to show. *Faulkner v. Faulkner*, 73 Mo. 327. Judgment is affirmed. All concur.