DEVINNEY, Defendant in Error, *vs.* LAY, Plaintiff in Error.

1. The indorser of a negotiable note is not a security within the meaning of the act concerning securities, (R. C. 1845,) and cannot, after payment of a judgment recovered against him and the maker, obtain judgment against a prior indorser upon motion, under the ninth section of that act.

*Error to St. Louis Court of Common Pleas.*

Devol brought a suit to the February term, 1852, of the St. Louis Court of Common Pleas, against the maker and indorsers of a negotiable note, and recovered judgment against all of them. John F. Lay and Pleasant Devinney were two of the indorsers and defendants in said suit. At the February term, 1853, Devinney, having paid the judgment and having given ten days' notice of his intended motion, moved for a judgment against the prior indorser, John F. Lay, for the whole amount paid by him, which was sustained. After an unsuccessful motion to set the judgment aside, Lay sued out a writ of error.

*J. B. Goff*, for plaintiff in error. The court erred in giving judgment against Lay, on motion, because, 1. The indorser of negotiable paper is not a security within the meaning of the act. *Clark* v. *Barret*, antè, 39. 2. Lay was not the principal debtor, who alone can be proceeded against by motion. R. C. 1845, ch. 161, §9.

*Hart & Jecko*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

This case presents the question whether, under our statute concerning securities, one indorser of a negotiable note against whom the holder has obtained judgment, can, after payment of the judgment, recover against his co-indorser on motion merely, and notice thereof, for the amount so paid, with ten per cent. interest.

The plaintiff below relies upon the ninth section of the above statute, (R. C. 1845, p. 1000,) which is as follows :

Sec. 9. "In all cases where judgment is given in any court, whether of record or not, upon any bond, bill or note, for the payment of money or delivery of property against the principal debtor and any security therein, and such security shall pay the judgment or any part thereof, he shall be entitled, upon motion, to a judgment in the same court against the principal debtor, for the amount he has paid, with ten per cent. interest thereon from the time of payment, together with costs."

The 10th section requires this motion to be made within one year from the rendition of the original judgment, and requires ten days' previous notice to be given in writing.

In the opinion of this court, the statute does not embrace the case of payment by one indorser so as to authorize him to obtain judgment against his co-indorser on a negotiable note, on motion. This case is fully within the principles decided by this court, at the last October term, in the case of *Clark* v. *Barrett*, and to the opinion therein given reference is had.

The judgment below must, therefore, be reversed, the other judges concurring.