CLINTON COCKRILL, GUARDIAN, &c., Respondent, *v.* SOLOMON
P. MCCURDY, IMPLEADED WITH GEORGE N. DYE *et al.*, Appellants.

*Security.*—Where the surety, in the manner prescribed by the statute, notified
the creditor to sue the principal debtor, the disturbed condition of the country held to be no excuse for not commencing suit within thirty days, it appearing that the courts were open for the bringing of suits. (R. C. 1855,
p. 1454, § 1, 2, 3.)

*Appeal from Platte Circuit Court.*

This action was brought by Cockrill, as guardian, on the
21st day of October, 1861, to recover the sum of four thousand
dollars, with interest, which he alleged was due him from defendants by their promissory note, executed to him for said
amount.

The defendants, Dye and Wood, filed no answer. The
defendant McCurdy answered that he executed the note sued
on as the security of George Dye, one of the defendants ; that
as security he gave plaintiff a notice in writing to sue on
said note, according to the statute in such case made and provided, and that said notice was duly served on said plaintiff
on the 25th day of July, 1861; and that plaintiff did not commence his suit on said note until the 21st day of October,
1861, which was more than thirty days after receiving said
notice. The service of the notice was proved at the trial to
have been made July 25, 1861.

It was then admitted by the parties that the suit was commenced on the 21st day of October, 1861. It was then proved
by the plaintiff, notwithstanding the objection to such evidence by the defendant, that during the months of July,
August and September of the year 1861 there was a great
deal of political excitement in the county of Platte and about
Platte City ; that there were bands of lawless men banded
together in said county who were committing a great many
acts of violence in the county ; that the deputy sheriff and
clerk of the court left their homes sometime in the summer

24—VOL. XXXIII.

of 1861; the deputy clerk left about the 17th day of August, 1861, and the clerk's office was about that time closed for several weeks; that the sheriff left the county just before the battle of Lexington in 1861—about the 20th of September— and was gone for several weeks; that there was a band of men organized under Sy. Gordon who were threatening to seize the records of the Circuit Court in Platte county, during the month of October and part of November, in the year 1861, and in consequence of said excitement and trouble no courts were held by courts of record in Platte county during the summer and fall of 1861.

Mr. Merryman, a lawyer who practises in Platte Circuit Court, testified further that he did not think it would have been safe to have filed papers in the clerk's office of the Platte Circuit Court during the months of July, August, September or October of said year. He said that lawless bands of men had control of the country around Platte City; that in August (as the witness thought) he was about to commence a suit at Platte City to redress a wrong to the person of a citizen growing out of some difficulty there; that he became satisfied that it would not be safe to prosecute the suit, and desisted therefrom. But he stated that he thought that during the most of the summer and fall there would have been no danger in commencing a civil suit and having process served. There was part of the time when the officers were absent, but when they were at home they might have issued civil process in such cases, and had the same served without any molestation; but he thought that the records of the court were in danger of being taken and destroyed as before stated. He further stated that there was a court at Weston that had jurisdiction of this cause, called the Weston Court of Common Pleas; that he did not know whether the marshal and clerk of said court were at home attending to business during the summer and fall of the year 1861 or not; but that all of the defendants in this suit reside, and did at the commencement of this suit and for years before, in said town of Weston, and were in the jurisdiction of said Court of Common Pleas.

Cockrill v. Dye.

The defendant introduced James N. Burns, a practising lawyer, residing at the town of Weston. He stated that he practised law in the Weston Court of Common Pleas ; that during the whole spring, summer and fall of the year 1861, the clerk's office of said Court of Common Pleas was kept open for business, and that business—except for a week, perhaps, when the clerk and perhaps the marshal of said court was absent from home at St. Joseph, which was in the last week of November—was never suspended in said court ; that the marshal of said Court of Common Pleas was also at home, at the city of Weston, during all of said time, ready and willing to do any business, or serve any process, that might come to his hands ; that he did not know of said marshal being absent at all during said summer and fall, and if he had been it was only for a day or two ; that defendant Dye, and also the other defendants, reside at Weston, and if they had been sued in said Weston Court of Common Pleas during the months of August or September, he knew of no reason why they could not, or would not, have been served with process in a day or two, at any time during said month of August, or any time during said summer and fall of 1861. Said witness further states that Judge Doniphan, who was judge of said Weston Court of Common Pleas, in or about the forepart of September, 1861, left home, and held no term of said court during the fall of said year ; that he resigned and another judge was afterwards appointed ; that he knew from Judge Doniphan, in the first part of the month of August, that he would not hold a term of said court at the regular term in October, 1861, and he thought it was generally known about Weston that such term would not be held ; that said Weston Court of Common Pleas held three terms per year, one in each four months, one of which terms came on in the month of October ; that there were but two terms of the Platte Circuit Court held in a year, and that the fall term came on in November, and the other term six months thereafter ; that the plaintiff in this suit did not live in the

townships of Platte county over which said Common Pleas Court had jurisdiction.

The above being all of the evidence given in the case, the court rendered judgment against all of the defendants in the cause, for the amount of the note and interest. McCurdy appealed.

*H. M. & A. H. Vories*, for appellants.

I. The notice given to the plaintiff to sue in this case was sufficient. It described the note and informed the plaintiff that it was the only note upon which McCurdy was surety. (Barton v. Lacy, 17 Mo. 399; Christy v. Hows, 24 Mo. 242.)

II. The court improperly permitted evidence to prove that plaintiff was excused for not bringing suit in thirty days after notice given, or that the defendant was not injured thereby. This excludes all question of diligence on the part of the person notified, and of damages to the person serving the notice. (Reid v. Case, 5 Black. 312; Shehan v. Hampton, 8 Ala., n. s., 942; State Bank v. Watkins, 1 Eng. Ark. 123, and cases cited; Hempstead & Conway v. Watkins et al., 1 Eng. Ark. 317; Starling v. Buttle, Ohio Cond. R. 370.)

*Merryman & Burns*, and *Wolf & Burns*, for respondent.

I. This being an action for the recovery of money, and submitted to the court without a jury, and trial without any declarations of law being asked of, or made by, the court below, this court will only pass upon the competency of the evidence excepted to. (Martin v. Martin, 27 Mo. 228; Conran v. Sellew, 28 Mo. 320; Purcefield v. Snyder, 14 Mo. 583.)

II. When the law creates a duty, and the party is disabled from performing it without any default of his own, the law will excuse him. As, in the case of waste to a tenant, if the same be destroyed by a tempest or enemies, the lessee is excused. (Alleyn, 26; Sto. Bailm. 30; Milldam Foundry v. Hovey, 21 Pick. 430; Same, 21 Pick. 441.)

III. The exception of appellant to the evidence was as to

that relating to the condition of the country, and it is sub
mitted that in all cases where a duty or charge is devolved
by the law, or even by an express contract, upon any party,
he may show that he was prevented from discharging it by
the act of God or the public enemies.    (Hickman v. Hollings-
worth, 17 Mo. 477.)

IV. The respondent was not bound to commence his suit
in the Weston Common Pleas, which was a court with juris-
diction over but two townships of the county, and within
which he did not reside ; much more so, as he and the public
were informed in advance that the judge was going away and
that no court would be held.    (Hughes v. Gordon, 7 Mo.
297.)

V. The notice was clearly defective, being too uncertain
and doubtful in its terms.    (Valentine v. Farmington, 2
Edw. N. Y.; Christy's Adm'r v. Horne, 24 Mo. 245 ; Perry
v. Barrett, 18 Mo. 146.)

VI. This court takes judicial notice of the proclamation
of war issued by Jackson as Governor against the authority
of the United States Government, in June, 1861. (1 Greenl.
Ev., § 6.)

BATES, Judge, delivered the opinion of the court.

All the evidence given by the plaintiff to show the disturbed
condition of the country, as an excuse for not bringing suit
within thirty days after the service of McCurdy's notice upon
him, taken together, constitutes no excuse whatever for his
failure to bring the suit.    During the whole thirty days, the
Weston Court of Common Pleas was open to him, in which
he could have sued without impediment ; and during a large
part of the thirty days there was no impediment to his suing
in the Circuit Court of Platte county, and he made no effort
to bring suit in either of those courts.

We do not go to the length of declaring that there can be
no excuse for failing to bring suit within thirty days in any
case.    The case does not require us to determine that ques-

tion.   The evidence does not tend to show an excuse, and, therefore, it should have been excluded.

Judgment reversed and cause remanded.   Judges Bay and Dryden concur.