———O———

WILLIAM PETERS, Respondent, *vs.* HERMAN LINENSCHMIDT, Appellant.

PER CURIAM.

1. *Bills and Notes—Sureties—Notice to holder to sue principal—Due diligence—Rights of surety.*—Under the statute concerning sureties and their discharge (Wagn. Stat., 1302 *et seq.*) the creditor who has been notified, as provided in section 1, must do two things; first, he must commence suit against the principal debtor within thirty days; second, he must prosecute his suit with due diligence, in the ordinary course of law, to judgment and execution, or else the surety, who may be joined in the action with his principal, will be discharged. Due diligence in the prosecution of the suit is just as essential as commencement within the time limited, in order to fix the liability of the surety after such notice. If the creditor brings such suit and fails to obtain service on the principal at the first term, he should take out an *alias* summons to the next term, and then under Wagn. Stat., (1010, § 20, ) he would be entitled to judgment against the surety in case service was not had on the principal, unless the surety should consent to further delay.

PER NAPTON, JUDGE, DISSENTNG.

1. *Bills and Notes—Surety, action against.*—The creditor, under the statute, has a right to sue both principal and surety; and when the summons against the principal is returned *non est*, he has a right to dismiss, as to the principal, and proceed against the surety alone.

*Appeal from Warren Circuit Court.*

P. P. Stewart, for Appellant, cited Christy's Adm'r vs. Horne, 24 Mo., 242; Perry vs. Barrett, 18 Mo., 140; Routon's Adm'r vs. Lacy, 17 Mo., 399; Hickman vs. Hollingsworth, 17 Mo., 475; Phillips vs. Riley, 27 Mo., 386.

*L. J. Dryden*, for Respondent.

·I. Plaintiff used due diligence in the prosecution of his suit against New. No extraordinary proceeding is necessary in the prosecution of such suits; only such as in the language of the statute (2 Wagn. Stat., 1303, § 2) is "in the ordinary course of law." (Hughes vs. Gordon, 7 Mo., 297; Perry vs. Barrett, 18 Mo., 147; Phillips vs. Riley, 27 Mo., 387.) The failure of the sheriff of St. Louis county to serve New, ought not to be held to be any want of due diligence on the part of the plaintiff. Negligence of officers, employed by the law to do those acts which they alone can do, is not to be attributed to a party who is obliged to entrust process to them. (Jacobs vs. McDonald, 8 Mo., 568.)

II. Plaintiff having been guilty of no want of diligence in the prosecution of the suit against New, up to the time it was reached for trial on the issues made by the separate answer of Linenschmidt, had the right, then, to dismiss as to New, and take judgment as to Linenschmidt alone. Our statute allows but one final judgment in every case. ( 2 Wagn. Stat., p. 1053, § 8; Hutchins vs. Sims, 7 Humph. 236; Dow vs. Rattle, 12 Ill., 373; Dennison vs. Lewis, 6 How. [Miss.], 517.) In order to get one final judgment in the case and have Linenschmidt included in that judgment, he was bound either to dismiss then, as to New, and take final judgment against L. only, or to continue and bring New in by *alias*, and get one judgment as to both. The latter course would not be the ordinary course, and would have imperiled his opportunity of making his debt. The course which plaintiff pursued was the "ordinary course" and therefore the right course.

SHERWOOD, Judge, delivered the opinion of the court.

Jacob New was the principal, and the defendant Linenschmidt was the surety, in a certain promissory note for the sum of $357, which they had given to the plaintiff. Upon maturity of the note, Linenschmidt, who lived in Warren

county, served notice on the plaintiff, who resided in the same county, to bring suit on the instrument. This demand was complied with in due time, service had on defendant, and a writ sent by mail to St. Louis county, with the view to service on New, who lived in that county; but no return was made to this writ. At the return term, when the cause was called for trial, the plaintiff dismissed his suit as to New, against the objections of the defendant, and took judgment as to him. Under the old practice, courts of equity, proceeding in analogy to certain writs of the common law, denominated by Coke *Brevia Anticipantia* or writs of prevention, (Co. Litt., 100 a.) were accustomed to grant relief to a surety on his application for that purpose, by bill *quia timet*, in two different ways: First, by allowing him to proceed against both creditor and debtor to compel the latter to pay the debt. Or, second, the surety might proceed against the creditor alone and compel him to bring his action. (King vs. Baldwin, 2 Johns. Ch., 554, and cases cited; Sto. Eq. Jur., §§ 327, 638, 849; Milf. Eq. Pl. by Jeremy, 148.) And our statute (2 Wagn. Stat., ch. 132, p. 1302,) which allows notice to be given to the creditor, is no doubt only substitutionary, although it may not be exclusively so, of the ancient chancery practice, by which the exoneration of the surety was formerly accomplished. And the direct method pointed out by the statute, is certainly infinitely preferable to the circuitous one I have mentioned.

Section two of the statute to which allusion has been made provides: "If such suit is not commenced within thirty days, after the service of such notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, such surety shall be exonerated from liability to the person so notified."

It will be at once perceived from a perusal of the above section, that the creditor who has been notified, must do two things: First, he is to commence his suit within thirty days and second, that suit must be proceeded in with due diligence, in the ordinary course of law, to judgment and execu-

tion, or else the notifying surety who, under the provisions of section one of the same chapter, may be joined in the action with the principal debtor, will be released from further responsibility.

The law is just as imperative that the suit against the principal debtor should be pressed to its final consummation, and that too with diligence, as it is that it shall be commenced within the time limited. So soon as the surety gives notice, his former absolute and unconditional liability becomes merely a conditional one, subject to be entirely defeated by non-compliance with the statutory mandate in both the particulars referred to; and subject also, in consequence of compliance, to be re-converted into its former unqualified state. In other words, the attitude of the surety, after notice, is precisely the same as that of an indorser before notice, and nothing short of the prompt commencement, as well as the diligent prosecution, of the suit against the principal debtor to the uttermost extremity known to the ordinary course of law, can "fix" the surety, or transform his conditional, into an absolute engagement. Perry vs. Barrett, (18 Mo., 140) although not fully in point, sustains this view.

Under the above detailed circumstances, the plaintiff, having failed to obtain service on New at the first term, should have taken an *alias*, returnable to the second term, and then, according to the provisions of 2 Wagn. Stat., (§ 20, p. 1010,) if service were not had on New, the plaintiff would have been entitled to judgment against defendant, unless upon consent of the latter to further delay. And the issuance of an *alias* writ is as much in the ordinary course of law as the suing out of the original.

Our statute respecting sureties, as to the means it provides for their exoneration, is so plain and positive, that it must be either faithfully obeyed, or else practically obliterated. No hesitancy will be therefore felt in pursuing the former course.

Judgment reversed and cause dismissed. Judge Lewis not sitting; the other judges concur, except judge Napton, who dissents.

Napton, Judge, delivered the dissenting opinion.

I do not concur in this opinion. As the creditor had a right under the statute to sue both principal and surety, and did so, and the process against the principal was returned "*non est*," the plaintiff had a right to dismiss as to the one not served, and take his judgment against the defendant served. He had prosecuted with due diligence and according to law. He might have continued until the next term, if he desired a judgment against the party not served, but he was not obliged to do so. Before the next term the surety might fail, and thus he would lose his debt.