## SISK v. ROSENBERGER, *Appellant.*

1. **Principal and Surety**: NOTICE TO SUE FORMER: STATUTE. The requirement of the statute, (R. S., §§ 3896, 3897,) relating to the duty of a creditor to commence suit against the principal debtor within thirty days after a written notice from the surety to do so, is not complied with by merely commencing suit, but such suit must be proceeded in with due diligence, in the ordinary course of law, to judgment and execution against the principal debtor.

2. ——: ——: ——: WHEN MUST SUE IN THE CIRCUIT COURT. Where the creditor and surety reside in the same county, and the

principal debtor in a different one, and the amount of the debt is within the jurisdiction of the circuit court, and the creditor, upon notice from the surety to proceed against the principal, may, therefore, sue both principal and surety jointly, in the circuit court of the county in which the latter resides, he should do so. He cannot, in such case, take judgment alone against the surety in a justice's court, unless the amount involved is within the exclusive jurisdiction of the justice.

*Appeal from Montgomery Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*W. H. Biggs* and *Emil Rosenberger* for appellant.

This case falls within the doctrine announced in *Peters v. Linenschmidt*, 58 Mo. 464, and the trial court, therefore, erred in refusing the two instructions asked by defendant. The case of *Hughes v. Gordon*, 7 Mo. 297, is not an authority for plaintiff, for the notes involved in that suit being for $20 each, were within the exclusive original jurisdiction of the justice.

*T. J. Powell* for respondent.

Plaintiff had the right to bring the suit before a justice of the peace, it being within his jurisdiction. *Hughes v. Gordon*, 7 Mo. 297; *Phillips v. Riley*, 27 Mo. 386; *Perry v. Barrett*, 18 Mo. 140. There was no law requiring the issuance of an *alias* writ, when it would necessarily be returned not served. It was the duty of the plaintiff to bring the suit in the first court having jurisdiction over the matter after being notified to bring it. *Stone v. Corbett*, 20 Mo. 35; *O'Fallon v. Kerr*, 10 Mo. 554.

PHILIPS, C.—This action was instituted in a justice's court on the 27th day of September, 1880, in Montgomery county, by the plaintiff, Simeon Sisk, against one C. E. Musler and the defendant, founded on a promissory note,

executed February 7th, 1872, by said defendants to plaintiff for the sum of $100, due one day after date, with ten per cent interest, to be compounded if not paid annually, etc.  There were several credits entered upon the note leaving, however, a balance thereon due in excess of $100, at the time of filing the same for suit.

The evidence at the trial showed, substantially, that on the 20th day of September, 1880, the defendant, Rosenberger, served notice, in writing, on the plaintiff, that he was surety only on said note, and requiring him to bring suit forthwith against the said Musler as the principal debtor therein, as provided by the statute in such case. Accordingly the plaintiff did bring this action in a justice's court in Montgomery county, where the plaintiff and the defendant Rosenberger resided.  The evidence shows that said Musler then resided in St. Louis, and that plaintiff knew this fact when he brought suit.  The writ of summons was duly served on the defendant, Rosenberger, but was returned *non est* as to said Musler.  When the case was called for trial the plaintiff dismissed the action as to Musler, and took judgment alone against Rosenberger. From this judgment Rosenberger appealed to the circuit court, where on trial *de novo* the plaintiff again had judgment, and the defendant has appealed to this court from said judgment.  The evidence quite clearly shows that the defendant was surety on said note for said Musler.

The defendant at the trial in the circuit court asked instructions to the effect, that if the court found from the the evidence that he was only surety on said note for Musler, and had given notice as provided by statute to plaintiff to bring suit thereon forthwith, and that plaintiff had brought suit in a justice's court against Musler and defendant, and dismissed the action as to Musler, as shown by the record, he could not recover.  The court refused this declaration of law, and, sitting as a jury, rendered judgment on the facts against the defendant.

The object of the statutory provisions (R. S. 1879  §§

3896, 3897) was to enable the surety to protect himself against the suspected solvency of, as well as his contingent liability for the principal. The method is summary, and substitutionary for the ancient chancery remedy in such cases. On giving the notice to the creditor, he devolves upon him the imperative duty of bringing action on the note against the principal debtor within thirty days, if he would afterwards look to the surety for payment. The requirement of the statute is not met by merely commencing suit, but the suit must be " proceeded in with due diligence, in the ordinary course of law, to judgment and execution " against the principal. This question was very fully considered by this court in *Peters v. Linenschmidt*, 58 Mo. 464, in which it was held, that the creditor, in such case, must institute suit in thirty days, and must prosecute it to final judgment and execution, if he would hold the surety; and if he brings suit in the county where the surety resides, and directs writ of summons to another county where the principal resides, and the writ is returned *non est*, it is the imperative duty of the creditor to take out an *alias* writ for the principal and to continue the cause until the return day of the *alias* writ, when, if not found and served, the creditor may proceed to judgment against the surety alone. If, therefore, this suit had been instituted in the circuit court, where it might have been, it would have been exactly parallel in its facts with those of *Peters v. Linenschmidt*; and consequently the conduct of the plaintiff in dismissing his action as to Musler would have operated a discharge of the defendant as surety.

But, the plaintiff insists that as the amount of the note in question was within the jurisdiction of a justice's court, he had a right to select that jurisdiction, which was in the county where he and the surety resided, and as the process of summons could not go from said justice's court to St. Louis, he was justified in dismissing as to the nonresident principal, and taking judgment against the resident surety duly served. Reliance for this proposition is

placed on the case of *Hughes v. Gordon*, 7 Mo. 297, in which it is held that the creditor had the right to sue the surety in the county in which they resided, and the action being brought in a justice's court, whose process could not reach the non-resident principal, he had a right to take judgment alone against the surety. But the language of the learned judge who delivered that opinion must be construed and understood with reference to the special facts of that case. The two notes sued on were for $20 each, and the amount was, therefore, exclusively within the jurisdiction of a justice of the peace. This statute, like others of a similar import, should be so construed as to make it reasonable, practicable and just in its application. In this spirit, it has been held that it did not require the creditor to pursue the principal out of the state, or his estate in the hands of his administrator, or the non-resident principal, under certain circumstances, in the forum of the county where he resides. *Perry v. Barrett*, 18 Mo. 140; *Phillips v. Riley*, 27 Mo. 386; *Hickam v. Hollingsworth*, 17 Mo. 475.

So on the other hand, under the invocation of this conservative spirit of construction, where the creditor, upon notice from the surety to proceed against the principal may sue both principal and surety in the county where the surety resides, he should do so. Here the circuit court of Montgomery county, where the creditor and surety resided, had jurisdiction over the amount of the note. The plaintiff could have sued the defendant in the circuit court, and sent summons to St. Louis for Musler and brought him into court. This course would have been just and reasonable to all concerned. It would have been a complete answer to the objection, if interposed by defendant, the surety, that plaintiff might have sued in a justice's court at an earlier day. The plaintiff knew when he brought this suit in the justice's court that Musler resided in the City of St. Louis. He knew he could not sue him in a justice's court in Montgomery county. By so suing he chose not to sue him at all, de-

spite the notice served on him by the surety. Practically it was no suit against the principal. Having at his election two tribunals in his county, equally convenient and remedial to himself, one of which would have enabled him to protect the surety as contemplated by the statute, and the other would not, it was his duty, upon the plainest principles of fair dealing and equity, to have selected the forum which would have enabled him to respect the notice given him by the surety and execute the object of the statute.

On the evidence the circuit court should have found the issues for the defendant. Its judgment, therefore, should be reversed and the cause remanded, with directions to proceed in conformity with this opinion. All concur, except Norton and Sherwood, JJ., absent.