HARDY & MASON, Respondent, v. WM. WORTHEN *et al.*, Appellants.

**Kansas City Court of Appeals, April 17, 1893.**

**Principal and Surety:** FAILURE TO BRING SUIT. On notice from the surety to bring suit, the payee of a note commenced his action in justice's court of a county in which he and the surety resided. No service was had on the principal who resided in another county. *Held*, the surety was discharged, as suit could have been maintained in the circuit court and service had on the principal.

*Appeal from the Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*A. W. Anthony*, for appellants.

"The law is just as imperative that the suit against the principal should be pressed to its final consummation, and that, too, with diligence, as it is that it shall be commenced within the time limited." *Peters v. Lindenschmidt*, 58 Mo. 464; *Liske v. Rosenberger*, 82 Mo. 46. The judgment of the lower court must, therefore, be reversed and the suit dismissed.

*D. Wray*, for respondent.

SMITH, P. J.—This was an action on a promissory note for $100, executed to plaintiffs by W. Worthen, as principal, and Beanland and Barber, as sureties. Barber gave the plaintiffs, payees in the note, notice under the statute to commence suit against the principal and sureties thereon. The plaintiffs thereupon filed the note before a justice of the peace in the county where plaintiffs and the sureties resided. The principal then resided in the city of St. Louis. No service of summons was had upon the principal of the note. Judgment was had against the sureties.

The defendants contend that the plaintiffs did not commence the suit against Worthen, the principal in the note, and proceed with due diligence in the ordinary course of law to judgment and execution as required by statute (sections 8343–8344), and that they are, therefore, discharged. It is true they sued the sureties before a justice of the peace, but no process was issued, or if so it was not served on Worthen, who resided in another county. It is also true that Worthen was without the territorial jurisdiction of the justice at the time of the commencement of the suit, but he was within that of the circuit court. The amount of the note was in the jurisdiction of the latter

court.   If the plaintiffs had brought their suit in that court, summons could have been sent to the city of St. Louis, where it appears Worthen resided, and could have been served.   The legal effect of the failure of the plaintiffs to bring their suit in the circuit court, out of which summons could have issued to the city of St. Louis for Worthen, was to discharge the sureties.   The plaintiffs on receiving the notice to sue did not obey the statutory mandate in such case, and so must suffer the consequences.   *Liske v. Rosenberger*, 82 Mo. 46, is analogous in its essential features to this case and must be regarded as decisive of it.

On account of the failure of the circuit court to instruct the jury, as it was asked to do, in conformity to the views herein expressed, the judgment will be reversed.   All concur.