THOMAS G. COLLUM, Appellant, v. HENRY LUCK-SINGER, Respondent.

**St. Louis Court of Appeals, January 30, 1900.**

Practice, Trial: PRACTICE, APPELLATE.  In the case at bar no instructions were asked or given; no exceptions were saved to any rulings of the court on the admission or rejections of testimony, nor was there any findings of the facts by the court.  There are, therefore, no errors here for review, and the judgment must be affirmed.

Appeal from the Montgomery Circuit Court.—*Hon. Elliot M. Hughes*, Judge.

AFFIRMED.

No briefs furnished reporter.

BLAND, P. J.—On August 17, 1896, Fahrner as principal and Lucksinger as surety, made and delivered to Collum their promissory note for $500 due one year after date, with interest.   On the maturity of the note Lucksinger gave Collum notice to sue, as he · might do under the provision of section 8343, Revised Statutes 1889.   Within thirty days after service of notice Collum brought suit by attachment against both Fahrner and Lucksinger, returnable to the next term of court to be thereafter held at Montgomery City.   None of Fahrner's property was attached, and no effort, so far as the record shows, was made to attach his property.   Some mill stock

was attached as the property of Lucksinger and one Buecker was garnished as a debtor of Lucksinger. Buecker filed a lengthy answer to interrogatories, the purport of which was to deny any indebtedness to Lucksinger. The attachment and summons were returnable to the November term, 1897, of the court. For one cause or another the cause was continued from term to term until the May term, 1899, at which term the plaintiff dismissed as to garnishee Buecker, and also dismissed the attachment against Lucksinger.

The answer of Lucksinger alleged the giving of the notice to sue, and the failure of appellant to prosecute his suit against Fahrner with due diligence, as required by section 8344, Revised Statutes 1889, and prayed that he be discharged. The issues were submitted to the court, sitting as a jury, who, after hearing the evidence, found the issues against defendant Fahrner, and rendered judgment against him for the face of the note with interest and costs, but discharged Lucksinger. Plaintiff appealed.

No instructions were asked or given; no exceptions were saved to any rulings of the court on the admission or rejection of testimony, nor was there any finding of the facts. There are, therefore, no errors here for review, and if there is any substantial evidence, however slight, to sustain the verdict of the court, the judgment must be affirmed. There is some evidence that Fahrner had some property which might have been seized and levied upon under the attachment writ. This evidence, and the fact that it was not attached nor any effort made to attach it, tends to show that the appellant undertook to shield the principal and make his debt out of the property of the surety, and that in this attempt the time in which he might have prosecuted his suit to judgment and execution against the principal was long delayed, and unnecessarily postponed, as is shown by the voluntary dismissal of the attach-

ment by the plaintiff at the May term, 1899. Such delay in such circumstances was negligence within the meaning of the statute, and operated to discharge the surety. Sish v. Rosenberger, 82 Mo. 46.

The judgment is affirmed. All concur.