## G. M. LONDON, Respondent, v. OLIVER J. FUNSCH, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs January 4, 1915. Opinion Filed February 2, 1915.**

1. **GUARANTY: Action: Joinder of Parties.** A guarantor's undertaking is a separate and independent contract, not a joint engagement with the principal, and hence a joint action against them cannot be maintained.

2. ———: ———: ———: **Pleading: Petition Construed.** A petition which, after alleging a lease entered into by one defendant with plaintiff, alleged that the lessee and the other defendant entered into a contract or bond "by which they agreed to pay and guaranteed the payment of the rent" reserved in the lease, but that payment of the rent had not been made, for the amount of which judgment was prayed, states a cause of action against the parties on a joint contract, and hence a joint action against them is maintainable.

3. **VENUE: Residence of Defendants.** Under Sec. 1751, R. S. 1909, an action against two or more defendants who reside in different counties may be brought in any county in which either of the defendants resides.

4. **GUARANTY: Principal and Surety: Rights of Guarantor or Surety.** A guarantor or surety is entitled to a strict performance of the contract of guaranty or suretyship as well as the principal contract.

5. ———: ———: **Landlord and Tenant: Liability on Contract to Guarantee Rent.** Where a contract executed by a lessee and another, by which they "agreed to pay and guaranteed the payment of the rent" reserved under a lease, and guaranteed the performance of the lease, and the lease provided that the lessee and all holding under him shall pay the rent, both parties were liable under their agreement, whether held to be sureties or guarantors, for unpaid rent due from one to whom the lessee had delivered the possession and who was holding under him.

6. **APPELLATE PRACTICE: Conclusiveness of Findings.** In an action at law tried to the court, findings of fact which are supported by substantial evidence are conclusive, on appeal.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*Oliver De Werthern* for appellant.

(1) The trial court acquired no jurisdiction over defendant Funsch, as he was not a resident of St. Louis county, and the petition showing no joint liability. Graham v. Ringo, 67 Mo. 324; State ex rel. v. Shelton, 249 Mo. 660. (2) Defendant Funsch was entitled to a strict performance of the contract of guaranty and of the lease, and the change in tenants released him of liability. Brandt on Suretyship (1905 Ed.), pars. 122, 429; Mallory, Crawford & Co. v. Brent, 75 Mo. App. 473; Hotel Milton Co. v. Powell, 146 Mo. App. 208. (3) A surrender of the leased premises to the landlord releases the tenant from liability for rent, and a surrender may be presumed from the facts surrounding the transaction. Taylor, Landlord and Tenant (9 Ed.), par. 507a; Tillotson v. Herrick, 66 Ill. App. 660; Hutcheson v. Jones, 79 Mo. 496. (4) The eviction of a tenant by a landlord releases the tenant from further liability for rent, and the delivery of the premises by the landlord, without privity or consent of the lessee, is an eviction. Taylor, Landlord and Tenant (9 Ed.), pars. 309, 388; Matthews v. Tobener, 39 Mo. 120; State ex rel. Armour P. Co. v. Dickmann, 146 Mo. App. 396.

*W. L. Coley* for respondent.

REYNOLDS, P. J.—This is an action to recover rent claimed to be due for the use and occupation of certain premises.

It is averred in the petition that one Swink entered into a contract of lease with defendant McKinnon, in and by which he leased to him a basement under buildings to be erected in Ellendale Home Place, in St. Louis county, for a period of five years, that is to say

from February 1, 1908, until January 31, 1912, at a rental of $25 per month for the first year, $35 per month for the two succeeding years, $40 per month for the two following and succeeding years, rent payable in advance on the first day of each calendar month. It is averred that this basement was completed prior to February, 1908, and defendant McKinnon on that date entered into possession of the premises under the terms of the lease, and continued in possession thereof until March 23, 1911, when the building over the basement was rendered untenantable by fire and so remained from March 23, 1911, until July 10, 1911, but that the repairs on it were completed on July 25, 1911, and the basement room again made ready for occupancy, and it is pleaded that under the terms of the lease, it was stipulated that in case the premises should become untenantable by fire or tornado, the lessor should have the privilege of repairing or reconstructing the premises, and the payment of rent should be suspended during the time the basement was untenantable, but that when it was repaired and reconstructed the lessee should thereupon begin to pay rent as provided in the lease for the remaining term named therein.

It is also averred that on March 1, 1911, Swink sold the property mentioned to plaintiff, together with the buildings thereon and assigned the lease to plaintiff. It is further averred that defendant McKinnon, together with defendant Funsch, on the date of the execution of the lease, entered into a written agreement with Swink "in the nature of a contract or bond," as it is averred, in and by which instrument they referred to the lease above mentioned and made it a part of the bond, in and by which bond they agreed to pay and guaranteed the payment of the rent in the lease specified, together with the performance of the conditions, provisions and covenants of the lease, and which bond, under the assignment of the lease to plaintiff by

Swink, became the property of plaintiff, and was as-
signed to him. Averring that upon the building over
the basement having been repaired and the basement
rendered tenantable, plaintiff had notified defendants
in writing of that fact and had tendered them the pos-
session of the room, to be held by them under and by
virtue of the terms of the lease, and had demanded
the payment of the rental, and that payment for the
month then due and of all other subsequent payments
due to the end of the term had been demanded and re-
fused, judgment is asked for these rentals.

Summons in the case was duly served in St. Louis
county on the defendant McKinnon and on defendant
Funsch, in the city of St. Louis, he being a resident
of that city and found there. On the return day of the
writ, defendant Funsch moved to quash the return on
the ground that it had been improperly issued against
him and served on him in the city of St. Louis. This
was overruled, defendant Funsch saving exception.
Thereupon this defendant Funsch demurred to the pe-
tition, claiming that on the face of it, it appeared that
the court had no jurisdiction of the person of defend-
ant Funsch, he not being a resident of the county of
St. Louis; that the petition does not state facts suffi-
cient to constitute a cause of action; that he (Funsch)
is not a necessary party to the determination of the
action; that there is a defect of parties and that it
appears upon the face of the petition that the liability
of any of the defendants herein is several and not
joint and for that reason defendant Funsch could not
be joined in the same action with defendant McKin-
non. This being overruled, defendant Funsch an-
swered, denying each and every allegation in the pe-
tition, then averring that upon completion of the build-
ing possession of it was delivered by Swink, the then
owner, to McKinnon and Hutchinson, who thereupon
became copartners in the possession of the leased prem-

ises as tenants from month to month, they paying rent therefor to Swink and that they remained in possession until a day in September, 1910; that on that day McKinnon and Hutchinson, then in possession, abandoned and surrendered the same to Swink, who accepted the surrender and thereafter rented the premises to Hutchinson as a tenant from month to month; that Hutchinson thereupon entered into the possession of the premises as such tenant, remaining in possession until March 1, 1911, when he surrendered and delivered up the premises to Swink "or to the plaintiff herein," and that thereupon the premises were rented to one Rosacker, he paying rent as such and occupying them as such. It is further averred that defendant Funsch received no notice of the change of tenants from Swink, from defendant, or from plaintiff, and had no knowledge thereof, nor did he consent or acquiesce in the change of tenants.

It is further denied that the leased premises were repaired or reconstructed and made ready for occupancy; on the contrary, it is averred that by reason of certain changes in structural arrangement of the reconstructed building the alleys were made unfit for bowling purposes. It is also averred that the fire referred to totally destroyed the premises and the building in which they were located, and that the building and premises tendered to defendant are in fact substantially a new structure. Finally, it is averred that by reason of certain collateral agreements entered into by the defendant with Swink, "the said guarantee, if any, was personal to said Swink and was not assignable by him to plaintiff." Other averments made in this answer are unnecessary to be set out as no point is now made upon them.

To this a general denial was filed in reply.

The answer, if any, of the defendant McKinnon, is not in the abstract of the record.

The cause went to trial, apparently against both of the defendants, before the court, a jury having been waived, and at its conclusion the court found in favor of plaintiff and rendered judgment against defendants, from which defendant Funsch, filing a motion for new trial as well as in arrest, and excepting to the action of the court in overruling both motions, duly perfected his appeal.

The points here made by appellant are, first, that the court acquired no jurisdiction over the defendant Funsch, as he was not a resident of St. Louis county, and the petition showed no joint liability between him and his codefendant. Second, that the defendant Funsch "was entitled to a strict performance of the contract of guaranty and of the lease, and the change in tenants released him of liability." Third, a surrender of the leased premises to the landlord releases the tenant from liability for rent, and a surrender may be presumed from the facts surrounding the transaction. Fourth, the eviction of the tenant by a landlord releases the tenant from further liability for rent, and the delivery of the premises by the landlord, without privity or consent of the lessee, is an eviction.

Taking up these points in their order, the first point is not well taken. The petition sets out facts sufficient to constitute the statement of a joint contract and a joint liability or, to be more accurate, nothing appearing to the contrary, the liability is joint and several. It is settled law that a guarantor is neither an endorser nor a surety; that his undertaking is his own separate and independent contract, is not a joint engagement with his principal, and he cannot be sued with him. [Graham v. Ringo, 67 Mo. 324, l. c. 326, and cases there cited.] The same rule is illustrated and announced in State ex rel. Dutcher v. Shelton, 249 Mo. 660, l. c. 683 and following, 156 S. W. 955. In the case at bar it is distinctly averred that both the defendants entered into a written agreement, in the nature of a

contract or bond, by which they agreed to pay and guaranteed the payment of the rent of the lease specified. So that whether these are sureties or guarantors, it is a joint contract. Our statute (Revised Statutes 1909, section 1751), provides that when suits are instituted by summons, and when there are several defendants and they reside in different counties, that the suit may be brought in any county in which either of the defendants reside. This disposes of the first point made by learned counsel for appellant.

There is no doubt that the second proposition made by learned counsel, that a surety or guarantor is entitled to a strict performance of the contract of guaranty and of the lease, is a correct proposition. Its application to the case at bar, however, is another matter.

In the first place, the bond here involved, executed by both the defendants, is made a part of the lease and by it the obligors, defendants herein, jointly and severally, guaranteed the payment of the stipulated rent as it became due, and further guaranteed the performance of the conditions, provisions and covenants therein agreed to be performed by McKinnon, and guaranteed to reimburse Swink, the former owner, assignor of plaintiff, for any failure and neglect of McKinnon to keep and perform the agreement, and they bound themselves, their heirs and assigns to the payment thereof in the keeping of the covenants of the lease. It is true that McKinnon is the lessee named in the lease, but this bond, which is made a part of it, is the joint and several obligation of McKinnon and Funsch. In this lease it is provided not only that the lessee shall pay the rent, but that the lessee and all holding under him should pay it. Hence the lessee not only covenanted to pay rent while he occupied the premises himself but to pay the rent due by all those holding under him, and both defendants entered into a contract for the performance of this stipulation of the lease. It is

true that the premises appear to have been occupied by McKinnon not only for himself but for a partnership, of which he was a member, and that McKinnon afterwards turned over the possession to others, who appear to have paid directly to plaintiff, the assignee of the lease and the bond. But whether this was an attornment by these parties to the lessor, or whether they were occupying under McKinnon and paying for him, was a question of fact for the determination of the trial court and he found that fact against defendants. Under the terms of the bond, this fact did not release appellant from his obligation under the bond. It is evidently contemplated in the lease that there might be a change of occupancy or tenancy, that is, there might be subtenants under McKinnon, but that is expressly provided for in the lease, McKinnon still being liable for the rents, and the bond covers that provision as well as the other provisions in the lease.

This practically disposes of the third proposition, that the surrender of the leased premises to the landlord releases the tenant from liability for rent and that a surrender may be presumed from the facts surrounding the transaction. We do not pass on the first part of this proposition, as it is unnecessary to determine it here. The trial court found from the facts surrounding the transaction, that there had been no surrender. This finding concludes us.

Nor need we discuss the proposition that the eviction of the tenant by a landlord releases the tenant from further liability for rent. The learned trial court must have found that there was no eviction here. There was substantial evidence to sustain this, and we are also concluded by that finding.

We see no reversible error in the judgment of the trial court and that judgment is affirmed. *Nortoni* and *Allen, JJ.,* concur.