MARTINSBURG BANK, a Corporation, Respondent, v.
E. C. BUNCH and W. W. BOILLOT, Appellants.

St. Louis Court of Appeals: Opinion Filed May 8, 1923.

1. BILLS AND NOTES: Sureties: Waiver: Stipulation Extending
Time Without Notice: Not Waiver by Surety of Right to Demand
Person Having Right of Action to Commence Suit, etc. A stipu-
lation in a note which one of the signers signed as surety that
"the signers consent to extension of time without notice," is not
broad enough to include an absolute waiver of the right to the
benefit of section 12687, Revised Statutes 1919, providing that any
person bound as surety for another on any note at any time
after an action has accrued thereon, require, in writing, the person
having such right of action forthwith to commence suit against
the principal debtor.

2.. ———: ———: Sureties and Their Discharge: Statute Contemplates
Only Parties Originally Liable. Section 12687, Revised Statutes
1919, providing that any person bound as surety for another on a
note may at any time after action has accrued thereon require, in
writing, the person having such right of action forthwith to
commence suit against the principal debtor, contemplates only
parties who are originally liable to the payee or obligee of the note.

3. EVIDENCE: Bill and Notes: Sureties: Surety Has Right to Prove
Relation. Where a person occupied the position of surety on a note,
and therefore was a surety within the meaning of section 12687,
Revised Statutes 1919, he had the right to prove this relation
either by the instrument itself or by evidence *aliunde* that the re-
lation did so exist.

4. BILLS AND NOTES: Sureties: Sureties and Their Discharge: Stat-
utes Not in Conflict. Section 12688, Revised Statutes 1919, provid-
ing that if suit is not commenced within thirty days after the
service of notice, as provided for in section 12687, Revised Statutes
1919, and proceeded in with due diligence, in the ordinary course
of law, to judgment and execution, such surety shall be exonerated
from liability to the person so notified, is not in conflict with
section 905, Revised Statutes 1919, but is an enlargement of the
grounds for discharge enumerated under said section 905.

5. ———: ———: ———: Statutory Notice to Person Having Right
of Action to Commence Suit: Liability of Surety Becomes Condition-
al and is Defeated by Non-compliance. After the statutory notice

provided for in section 12687, Revised Statutes 1919, was given by a surety to a person having a right of action on a note, forthwith to commence suit against the principal debtor, then his former unconditional liability on the note became merely a conditional one, and this liability would be entirely defeated by non-compliance with the statutory mandate contained in section 12688.

Appeal from the Circuit Court of Audrain County.—*Hon. Ernest S. Gantt*, Judge.

REVERSED AND REMANDED.

*Rodgers & Buffington* for appellant.

(1) Failure to bring suit upon statutory notice by the surety to the holder of the note so to do, discharges the surety. Secs. 12687, 12688, R. S. 1919. (2) Waiver must be made an issue by the pleadings in order to be availed of. Whiteside v. McGruder, 75 Mo. App. 371.

*Fry & Fry* for respondent.

(1) If appellant, W. W. Boillot, was a surety on the notes sued on and was entitled to compel suit under secs. 12687 and 12688, R. S. 1919, he contracted that right away in the notes. Koenig v. Bramlett, 20 Mo. App. 636; Osborne & Co. v. Lawson, 26 Mo. App. 549; Baskin v. Crews, 66 Mo. App. 22; Cox v. Jeffries, 73 Mo. App. 412; Owensboro Sav. Bank etc. Co. v. Haynes, 143 Ky. 534, 136 S. W. 1004. (2) The appellant, W. W. Boillot, under the negotiable Instruments Act. Sec. 981, R. S. 1919, is primarily liable on the notes sued on, and is not released by an extension of time, nor can he be relieved from liability under sec. 12687, R. S. 1919. Secs. 816, 905, 981, R. S. 1919; Lane v. Hyder, 163 Mo. App. 688; Night and Day Bank v. Rosenbaum, 191 Mo. App. 559; Bank of Dexter v. Simmons, 204 S. W. 837; Vanderford v. Farmers & M. Nat. Bank, 10 L. R. A. (N. S.) 129; Cellars v. Lyons, 10 L. R. A. (N. S.) 13; Fritts v. Kirchdorfer, 136 Ky. 643, 124 S. W. 882; Richards v. Market Exchange Bank,

26 L. R. A. (N. S.) 99; Edmondston v. Ascough, 43 Colo. 55; Wolstenholme v. Smith, 97 Pac. 329; Cellars v. Meachem, 89 Pac. 426; Northern St. Bk. v. Bellamy, 125 N. W. 888. (3) The action is on two notes, which in words contracted away appellant Boillot's right, if he had any, to give notice and force suit. It was no waiver outside of the original contract. It was not any new matter to be pleaded. Sec. 1232, R. S. 1919.

BRUERE, C.—This is an action on two promissory notes brought, on November 12, 1921, by Martinsburg Bank against W. W. Boillot and E. C. Bunch. The first note is for three hundred dollars, bears date September 22, 1920, due six months after date, and signed by E. C. Bunch, W. W. Boillot. The second note is for one hundred and forty-three dollars, bears date February 25, 1921, due six months after date, and signed E. C. Bunch, and W. W. Boillot as surety. Both notes contain the provision, "The signers and endorsers each waive demand, notice and protest of this note and consent to extension of time without notice."

The petition is in the usual form. E. C. Bunch answered but made no contest against the notes and did not appeal from the judgment rendered against him. W. W. Boillot answered, admitting the execution of the notes, and for an affirmative defense, pleaded that he signed the notes as surety for E. C. Bunch; that after the notes became due he required, in writing, the plaintiff, bank to forthwith commence suit against E. C. Bunch and all other parties liable upon said notes; that the bank failed and refused to commence suit on said notes against said E. C. Bunch within thirty days after the service of said notice; and that by reason thereof he was exonerated from liability to the plaintiff.

The uncontroverted evidence shows that W. W. Boillot executed the notes as surety for E. C. Bunch and that this fact was known to the bank at the time it accepted the paper.

The evidence on the part of the defendant shows that on August 31, 1921, W. W. Boillot served upon the cashier

of the Martinsburg Bank, at its banking house, the notice provided for under section 12687, Revised Statutes 1919. This was denied by the plaintiff, thus making an issue of fact for the jury, and which was the only controverted issue of fact in the case.

At the close of the testimony the trial court directed the jury to find a verdict in favor of the plaintiff on both counts of the petition, and the jury returned a verdict accordingly. From the judgment thereon W. W. Boillot prosecutes this appeal. The single question presented by this record is, whether the court erred in peremptorily instructing the jury to return a verdict against W. W. Boillot.

Section 12687, Revised Statutes 1919, provides: "Any person bound as surety for another in any bond, bill or note, for the payment of money or delivery of property, may, at any time after an action has accrued thereon, require, in wirting, the person having such right of action forthwith to commence suit against the principal debtor and other parties liable."

Section 12688, Revised Statutes 1919, provides: "If such suit is not commenced within thirty days after the service of such notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, such surety shall be exonerated from liability to the person so notified."

Counsel for W. W. Boillot contend that, inasmuch as the plaintiff failed to bring suit against E. C. Bunch the principal debtor, within thirty days after the service of the said statutory notice on it, W. W. Boillot is exonerated from liability to the plaintiff.

Counsel for Martinsburg Bank contend, first, that W. W. Boillot waived the right to the benefit of the statute, to which allusion has been made, by reason of the contract as written in the notes; second, that W. W. Boillot, under the negotiable instrument act, section 981, Revised Statutes 1919, is primarily liable on the notes sued on, and cannot be relieved from liability under section 12687, Revised Statutes 1919.

Plaintiff's first contention is bottomed on that provision contained in the notes, hereinbefore set out, which relates to the assent to an extension of time without notice.

We do not think that the stipulation in the notes that "The signers consent to extension of time without notice" is broad enough to include an absolute waiver of the right to the benefit of the said statute. Said provision did not bind the defendant surety to an indefinite extension of the time of payment, nor to more than one extension. The privilege of extending the time of payment was never exercised by the plaintiff, but had it been exercised, the notes thereby would not have become due until the time of the extension had expired, and, therefore, the right given the defendant surety, under the provisions of said section 12687, could not have been exercised until after the maturity of the notes. However, this assent to a postponement of the time for bringing suit against E. C. Bunch, the principal debtor, was not an agreement that the said surety would not at some future time and after an action had accrued on the notes require the plaintiff to commence suit against the principal debtor. [Kremke v. Radamaker, 159 Pac. 475; Matchett v. Machine works, 29 Ind. App. 407; Oyler v. McMurray, 34 N. E. 1004; Rochester Savings Bank v. Click, 13 Atl. 872; 8 Corpus Juris, 462; Free v. Heinslead, 21 Ind. 91; Harris v. Taylor, 150 Mo. App. 297, 129 S. W. 995.]

In support of their contention, that the defendant surety waived the provision of said sections 12687 and 12688, counsel cite the case of Koenig v. Bramlett, 20 Mo. 636, decided by this court. That case is unlike the instant case. In the Koenig case the defendant by his separate contract of guaranty, endorsed on the back of the note, guaranteed the payment of same and any renewal thereof. The court held said defendant guarantor had not only guaranteed the payment of the note, but that the use of the expression "and any renewal of the same" imported an undertaking for a continuing liability, and was tantamount to an agreement, in advance, that the guarantor

would consent to any extension of time which the payee might see fit to make. We do not think that the provision, under consideration in the instant case, imports an agreement that the holder of the notes could at his pleasure, by a series of extensions, indefinitely extend the time of payment of the notes, and thereby indefinitely prevent the surety from enforcing payment against the principal.

Moreover, the guarantor in the Koenig case was not primarily liable upon the note sued upon. The distinction between primary and secondary liability is well stated by Mr. Baylies in his work on Sureties and Guarantors, p. 4, where it is said that "a surety is bound with his principal as an original promisor. He is a debtor from the beginning, and must see that the debt is paid. . . . On the other hand, the contract of guarantor is his own separate contract, it is in the nature of a warranty by him, that the thing guaranteed to be done by the principal, shall be done, and not merely an engagement jointly with the principal to do the thing."

In 2 Parsons on Bills and Notes, pp. 177, 178, it is said: "A guarantor of a bill or note is one who engages that the note shall be paid, but is not an indorser nor surety. It must be remembered that while a surety of a note is generally a maker, a guarantor is never a maker. The surety's promise is to pay the debt which becomes his own when the principal fails to pay it. . . . But the guarantor's promise is always to pay the debt of another. . . . This engagement or contract of guaranty may be, and often is written on the back of the note or bill; but it may as well, so far as the guaranty is concerned, be written on a separate piece of paper." [See, also, 2 Rand on Com. Paper, sec. 849; Whitley on Bills and Notes, p. 5; London v. Funsch, 188 Mo. App. 19, 173 S. W. 88; Graham v. Ringo, 67 Mo. 326; Northern State Bank v. Bellamy, 125 N. W. 888.]

There was, therefore, really no question of waiver of the provisions of the act relating to "sureties and their discharge" in the Koenig case. The defendant in said case was not a security within the meaning of said act, be-

cause said statute applies only to sureties who are orig-
inally liable as such to the payee or obligee by the terms
of the instrument creating liability.    [Clark v. Barrett,
19 Mo. 39; Devinney v. Lay, 19 Mo. 646; Faulkner v.
Faulkner, 73 Mo. 338; Miller v. Mellier, 59 Mo. 388; Boat-
men's Savings Bank v. Johnson, 24 Mo. App. 320.]

In support of plaintiff's second contention counsel
urge, first, ''that the sureties as treated in section 12687
are parties who are secondarily liable on the instrument
and that Boillot, is a person primarily liable on both of
these notes, under section 981, Revised Statutes 1919;''
second, that Boillot, being a party primarily liable, could
only be discharged according to the provisions of section
905, Revised Statutes 1919.

''Touching plaintiff's contention that section 12687
only contemplates parties who are secondarily liable on
the instrument, it will suffice to say, as we have heretofore
noted, the appellate courts of this State have held that
the act concerning ''sureties and their discharge'' only
contemplates parties who are originally liable to the
payee or obligee of the bill, note or bond.  See cases here-
inbefore cited on this question.

As between plaintiff and defendant Boillot the lat-
ter was primarily liable as accommodation maker, but as
between E. C. Bunch and Boillot the latter occupied the
position of surety on the notes and, therefore, was a
surety within the meaning of section 12687, Revised Stat-
utes 1919; and had the right to prove this relation either
by the instrument itself or by evidence aliunde that the
relation did so exist.  [Long v. Shafer, 185 Mo. App. 649,
171 S. W. 690; Long v. Mason, 273 Mo. 275, 200 S. W.
1062; O'Howell v. Kirk, 41 Mo. App. 529; Hardester
v. Tate, 85 Mo. App. 626.]

Coming to counsel's last contention, we do not think
that section 12688, Revised Statutes 1919, is in conflict
with section 905, Revised Statutes 1919, but that it is an
enlargement of the grounds for discharge enumerated un-
der said section 905.

If the statutory notice provided for in section 12687,
Revised Statutes 1919, was given by Boillot, then his

former unconditional liability on the notes became merely a conditional one and this liability would be entirely defeated by non-compliance with the statutory mandate contained in section 12688, Revised Statutes 1919. [Peters v. Linnenschmidt, 58 Mo. 467; O'Howell v. Kirk, 41 Mo. App. 529; Hardester v. Tate, 85 Mo. App. 626; Sisk v. Rosenberger, 82 Mo. 48; Long v. Mason, 273 Mo. 275, 200 S. W. 1062; Long v. Shafer, 185 Mo. App. 649, 171 S. W. 690; Hardy v. Mason, 53 Mo. App. 580; Cockrill v. Dye, 33 Mo. 365; Cox v. Jeffries, 73 Mo. App. 412; Hammond v. McHargue, 170 Mo. App. 497, 156 S. W. 725.]

We hold that the action of the court in directing the jury to find a verdict in favor of the plaintiff was error. It follows that the judgment should be reversed and the cause remanded for a new trial, to be proceeded with in accordance with this opinion. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of Audrain county is accordingly reversed and the cause remanded for a new trial, to be proceeded with in accordance with this opinion. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.