Sylvan Agatstein, St. Louis, Mo., for plaintiff.

D. Sherman Cox, St. Louis, Mo., for defendant.

**PARKWAY BANK & TRUST COMPANY, Plaintiff,**

v.

**AMERICAN GENERAL FINANCE CORPORATION, Defendant.**

**No. 73C 746 (A).**

United States District Court, E. D. Missouri, E. D.

Oct. 4, 1974.

## MEMORANDUM OPINION

HARPER, District Judge.

The plaintiff, a Missouri corporation, brought suit against the defendant, a Nevada corporation, seeking to recover in Count I the sum of $100,000.00, and interest, from the defendant, based on defendant's written guarantee of April 20, 1972, guaranteeing a $100,000.00 note of Sayre & Fisher Company. A second count was included in the plaintiff's petition, but it was subsequently dismissed.

The Court has jurisdiction based upon diversity of citizenship and the amount involved.

The matter is before the Court on both plaintiff's and defendant's motions for summary judgment.

The affidavits and exhibits made a part of plaintiff's motion for summary judgment disclose that on April 20, 1972, the defendant in a document entitled "Continuing Guarantee" guaranteed to the plaintiff "the prompt payment when due in accordance with the terms thereof of any and all indebtedness or other obligations for the payment of money evidenced by notes, bonds, or negotiable or non-negotiable instruments now or hereafter existing of Sayre & Fisher Company." In the exhibits there is also included the resolution of the defendant corporation authorizing the officers of the defendant corporation to sign the guarantee.

There is further attached the affidavits of the president of the plaintiff corporation that plaintiff made a loan to Sayre & Fisher Company, evidenced by a certain promissory note of said corporation dated July 26, 1972, in the sum of $100,000.00, bearing interest from date at the rate of 7½% per annum, and at the rate of 8% per annum after maturity, said note becoming due and payable one year from date, or on demand. A photocopy of the note, of which the plaintiff is still holder and owner, is attached to the affidavit made by the president of plaintiff.

The affidavit further alleges that Sayre & Fisher Company, the maker of the note, has defaulted in the payment and there is due upon said note the principal sum of $100,000.00, with interest thereon.

The record further discloses that the defendant's motion for summary judgment is supported by a copy of the "Continuing Guarantee" which was attached to the plaintiff's motion for summary judgment, and the motion in paragraph 3 thereof referring to Sayre & Fisher Company's obligations to plaintiff, states as follows: "That the defendant, American General Finance Corporation, as surety, guaranteed to the said Parkway Bank & Trust Company the repayment of the principal and interest and had the credit line extended to an amount of approximately $100,000.00."

Attached to defendant's motion for summary judgment as Exhibit B is a Notice to Commence Suit against the principal debtor, which is as follows:

"Notice to Commence Suit

"To: Parkway Bank and Trust Company, a corporation, Olive Street and North Wood Mills Road, St. Louis County, Missouri.

"You are hereby required to commence suit against the principal debtor, Sayre and Fisher Company, and all other parties liable on a promissory note executed by Sayre and Fisher Company on July 26, 1972, in the principal sum of One Hundred Thousand Dollars ($100,000), of which Parkway Bank and Trust Company is the holder and owner and upon which the undersigned may be liable as surety.

"AMERICAN GENERAL FINANCE CORPORATION
A corporation,
"By: /s/ Albert N. Ballard, Chairman
/s/ John W. Cunningham, President.

"Date: February 15, 1974."

(The notice was served on the plaintiff on February 20, 1974.)

It is the defendant's contention in its motion for summary judgment that under Missouri statutes V.A.M.S. §§ 433.010, 433.020 and 433.030, that upon the giving of said Notice to Commence Suit that the plaintiff was required to commence within thirty days after the service of such notice a suit against Sayre & Fisher Company for the $100,000.00 note and to proceed in due diligence to judgment with respect to said suit.

It is undisputed that the plaintiff did not file suit either within the thirty days of receipt of the notice to commence suit or thereafter against Sayre & Fisher Company with respect to the $100,000.00 note involved in this action. When the two motions were argued to the Court, both attorneys were in agreement that the only question is whether or not the plaintiff was required to commence suit within thirty days against Sayre & Fisher Company in accordance with the notice served by the defendant on the plaintiff, and that Missouri law governs in this case. The Missouri stat-

utes referred to above with respect to this problem are as follows:

"V.A.M.S. § 433.010. *Surety may require obligee to sue principal—notice.*

"Any person bound as surety for another in any bond, bill or note, for the payment of money or delivery of property, may, at any time after an action has accrued thereon, require, in writing, the person having such right of action forthwith to commence suit against the principal debtor and other parties liable.

"V.A.M.S. § 433.020. *Notice, how served.*

"The notice required above shall be served by delivering a copy thereof to the person having the right of action on the instrument, or leaving a copy at his usual place of abode with some person of the family over the age of fifteen.

"V.A.M.S. § 433.030. *Surety shall be discharged, when.*

"If such suit is not commenced within thirty days after the service of such notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, such surety shall be exonerated from liability to the person so notified."

The defendant in support of its motion relies upon Dibert v. D'Arcy, 248 Mo. 617, 154 S.W. 1116, where the court at page 1129 said: "A surety is simply one who is bound for a debt of another." This is an often-used definition of "surety".

The *Dibert* case does not involve the statutes in question, which were originally enacted by the Missouri legislature in 1889, and the language referred to is as shown by the headnotes of the case a definition of the word "surety"; and so we must look further to determine the Missouri courts' interpretation of the statutes in question.

The caption of V.A.M.S. § 433.010 is: "Surety may require obligee to sue principal—notice." But when we turn to the body of the statute we find that the "surety for another" is limited to surety for another in "any bond, bill or note," and it is undisputed in the case before the Court that we are dealing with what is a separate document guaranteeing a debt that is or may come into existence. Turning to the Missouri cases dealing with the statutes in question, in Martinsburg Bank v. Bunch, 212 Mo.App. 249, 251 S.W. 742, l.c. 743–744, the court had this to say:

"Moreover, the guarantor in the Koening Case was not primarily liable upon the note sued upon. The distinction between primary and secondary liability is well stated by Mr. Baylies in his work on Sureties and Guarantors (page 4), where it is said that—

" 'A surety is bound with his principal as an original promissory. He is a debtor from the beginning, and must see that the debt is paid. * * * On the other hand, the contract of guarantor is his own separate contract; it is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, and not merely an engagement jointly with the principal to do the thing.'

"In 2 Parsons on Bills and Notes, pp. 177, 178, it is said:

" 'A guarantor of a bill or note is one who engages that the note shall be paid, but is not an indorser nor surety. It must be remembered that while a surety of a note is generally a maker, a guarantor is never a maker. The surety's promise is to pay the debt which becomes his own when the principal fails to pay it. * * * But the guarantor's promise is always to pay the debt of another. * * * This engagement or contract of guaranty may be, and often is, written on the back of the note or bill; but it may as well, so far as the guaranty is concerned, be written on a separate piece of paper.'

"See, also, 2 Rand on Com. Paper, § 849; Whitley on Bills and Notes, p. 5; London v. Funsch, 188 Mo.App. 19, 173 S.W. 88; Graham v. Ringo, 67

Mo. 324, 326; Northern State Bank v. Bellamy, 19 N.D. 509, 125 N.W. 888, 31 L.R.A. (N.S.) 149.

"There was, therefore, really no question of waiver of the provisions of the act relating to 'sureties and their discharge' in the Koenig Case. The defendant in said case was not a security within the meaning of said act, because said statute applies only to sureties who are originally liable as such to the payee or obligee by the terms of the instrument creating liability. Clark v. Barrett, 19 Mo. 39; Devinney v. Lay, 19 Mo. 646; Faulkner v. Faulkner, 73 Mo. 327, 338; Miller v. Mellier, 59 Mo. 388; Boatmen's Savings Bank v. Johnson, 24 Mo.App. 316, 320."

The St. Louis Court of Appeals in Stifel Estate Company v. Cella, 220 Mo. App. 657, 291 S.W. 516, 519, said:

"Nor was the third alleged defense to the effect that defendants were discharged because plaintiff had not prosecuted its action against the lessee with diligence, as required by sections 12687–12689, R.S. 1919, available to defendants. Such sections, having reference to sureties and their discharge, are specifically limited by their terms to sureties on bonds, bills, or notes, and, consequently, cannot be broadened by judicial construction to apply to parties obligated, as were defendants, upon a contract of guaranty, independent of and collateral to a lease."

Based upon these Missouri decisions, it is evident that the Missouri statutes, V.A.M.S. §§ 433.010, 433.020 and 433.-030, do not apply to the "Continuing Guarantee" signed by the defendant on April 20, 1972, which under the defendant's own statement in its motion for summary judgment guaranteed to the said Parkway Bank & Trust Company the payment of the principal and interest of the Sayre and Fisher note dated July 26, 1972.

Accordingly, the defendant's motion for summary judgment will be denied and the plaintiff's motion for summary judgment as to Count I of the complaint will be granted.

The clerk of the Court will prepare and enter the proper order finding against the defendant and finding for the plaintiff as to Count I of its complaint in the amount of $100,000.00 with interest.